## W. B. COOKE v. A. M. BURNHAM.

1—It was error to dissolve an injunction restraining the execution of a void judgment, though sued out more than twelve months after the rendition of the judgment—the statute requiring injunctions to judgments to be sued out within twelve months, having no application when the pretended judgment is a nullity.

2—Nor is it material that the plaintiff in the injunction had actual notice of the void judgment within twelve months after its date.

APPEAL from Harrison. Tried below before the Hon. C. A. Frazier.

This is an old case, remaining on the docket of this court since 1861.

From the opinion of the court and the argument of counsel, the facts are easily deduced.

*H. G. Hall* and *G. & H. McKay*, for appellant, insisted that the pretended judgment was a nullity, and liable to be enjoined at any time its enforcement was attempted. They cited McCoy v. Crawford, 9 Texas, 356; Chambers v. Hodges, 23 Texas, 110; Horan v. Wahrenberger, 9 Texas, 313; Sutherland v. DeLeon, 1 Texas, 250, and other cases.

*James Turner*, for appellee.

The judgment sought to be enjoined was rendered on the 4th day of December, 1858; the petition for injunction was filed the 16th day of June, 1860, more than eighteen months after

the rendition of the judgment.   The statute is inoperative, and requires that suits for injunction shall be filed within twelve months from the rendition of the judgment.

The facts stated in the petition do not bring the case within any of the exceptions in the statute.   It is true that at the time the judgment before the justice was rendered the appellant was a non-resident of the State of Texas, but he had knowledge of the existence of the judgment as early as March 15th, 1859, more than one year before the filing of his petition in this case. On the 15th day of March, 1859, a petition was filed in the District Court of Harrison county, to enjoin this same judgment, which remained upon the docket of said court until the Spring term, 1860, when it was dismissed for the want of prosecution.   Four months afterwards this suit was filed.   I think there was no error in the judgment of the District Court.

MORRILL, C. J.—Appellant sued out an injunction restraining the defendant from proceeding to enforce a judgment obtained before a justice of the peace.   The petition discloses that the service was had by publication in a newspaper fourteen days only previous to the judgment ; and charges the same to be void.   The answer does not deny the charge, but seeks to set up in avoidance that the plaintiff knew that the judgment had been rendered, and did not seek to restrain it within a given limit, etc.   The court dismissed the injunction, from which plaintiff appealed.   We conceive the court erred.   Taking the facts alleged as true, the judgment was void, and the injunction should be perpetuated.

Reversed and remanded.