## H. C. GLASS v. R. D. SMITH ET AL.

(Case No. 2082.)

1. VOID JUDGMENT—INJUNCTION—In this state injunction is the appropriate remedy to prevent enforcement of a void judgment. (Authorities cited.)
2. PERSONAL JUDGMENT—VALIDITY—A personal judgment against one over whom no jurisdiction has been acquired, is a nullity.
3. JURISDICTION—HOW ACQUIRED—Jurisdiction is acquired over a plaintiff by his voluntary submission of a cause of action to the court, and one instituting proceedings for the revision of the action of an inferior court, thereby gives to the court exercising appellate or revisory power, jurisdiction over his person.

4. SAME—Jurisdiction over a defendant is acquired by his voluntary appearance, or the service upon him of such process as the law provides.

5. SAME—RATIFICATION—A judgment was rendered against defendant in the justice court. Subsequently a person, without defendant's knowledge or authority, sued out a writ of *certiorari* by which the cause was taken to the district court. In a proceeding by defendant to enjoin enforcement of the judgment there rendered against him, *Held*, unless defendant availed himself of the unauthorized proceeding by *certiorari*, as by asking an adjudication under it, or in some way ratified the act of the person who caused it to be instituted, while it was pending, it was a nullity and he was entitled to relief.

APPEAL from Titus. Tried below before the Hon. W. P. McLean. The facts are stated in the opinion.

*Hiram Glass*, for appellant, cited: R. S., 305; Johnson *v.* McKissack, 20 Tex., 160; Ahrens *v.* Giesecke, 9 Tex., 432; Burr *v.* Lewis, 6 Tex., 80., Ward *v.* McRimmond, 12 Tex., 314; Givens *v.* Blocker, 23 Tex., 633; R. S., 1638, 2875.

No briefs on file for appellees.

STAYTON, ASSOCIATE JUSTICE.—It appears that R. S. Smith sued H. C. Glass in the justices court to recover a yoke of oxen which were sequestrated and remained in the hands of the officer who executed the writ of sequestration. There was a judgment rendered in favor of the plaintiff, in which the defendant acquiesced. Subsequently a person, without authority from Glass, and without his knowledge, and contrary to his wish, but in his name, sued out a writ of *certiorari* by which the cause was taken to the district court.

Glass made no appearance in the district court, and when the cause was reached a motion was made by the attorney of R. D. Smith to dismiss the case because there was no bond on file, the bond for *certiorari* which the unauthorized person had executed in the name of Glass, having been misplaced. For some reason the motion was overruled and a judgment was, as upon default, entered against Glass for the oxen and, in case they were not delivered, for their value, which was fixed at $50.00. On that judgment an execution issued which was returned under direction of the plaintiff without a levy; another execution issued and was levied upon land which was sold under it and it was returned; whereupon an execution issued to another county which was also levied upon land which was also sold.

After this the fourth execution issued and this was levied on personal property of Glass, who then brought this suit to enjoin the enforcement of that judgment. It appears that Glass knew of the pro-

ceeding by *certiorari* at some time while it was on the district court docket, and that the plaintiff was informed that it was not there by his authorization or consent.

There is evidence tending to show that Glass was authorized to believe that the plaintiff would not seek an adjudication or judgment against him under the proceeding. There is no conflict in the evidence, and the court below found most of the material facts, now stated, to be true; but dissolved the injunction holding that the judgment rendered in the proceeding by *certiorari* was valid and subsisting. A judgment rendered against a person, personal in its character, when the court has not acquired jurisdiction over his person, is a nullity. A court acquires jurisdiction over a plaintiff by his voluntary submission of a real or supposed cause of action to its determination; and, in this respect, one who institutes proceedings for the purpose of having revised by another court some proceeding had in an inferior court, is held thus to give to the court exercising appellate or revisory power, jurisdiction over his person.

Jurisdiction over the person of a defendant is acquired by his voluntary appearance, or by the service upon him of such process as the law provides. In the case before us, Glass had not voluntarily come before the court as a litigant, and thus conferred jurisdiction on the court over his person; nor had he been brought before the court by any process known to the law. Had he availed himself of the unauthorized proceeding by *certiorari*, as by asking an adjudication under it, or had he in any way ratified the act of the person who caused it to be instituted, while it was pending, it might with propriety now be held that he is not entitled to the relief which he seeks. There is, however, nothing of the kind in the cause, and the judgment rendered against him, from which he now seeks relief, was and is a nullity.

There has been some conflict in the decisions of different courts as to whether relief can be given against a void judgment by injunction; but in this state this has been deemed the appropriate relief. Smith v. DeWeese, 41 Tex., 595; Cooke v. Burnham, 32 Tex., 129; Chambers v. Hodges, 23 Tex., 110.

The judgment of the court below will be reversed and judgment here rendered perpetuating the injunction heretofore granted.

It is so ordered.

REVERSED AND RENDERED.

[Opinion delivered October 26, 1886.]