**WESTERLY SUPPLY CORPORATION et al. v. STATE.**

**No. 3262.**

Court of Civil Appeals of Texas. El Paso.

Dec. 5, 1935.

---

.A. T. Folsom, of Wink, for plaintiffs in error.

H. E. Wassell, County Attorney, of Wink, for the State.

WALTHALL, Justice.

This suit was brought by the state of Texas for itself and Winkler county, through the county attorney, against the Westerly Supply Corporation, alleged to be a corporation, Sam Weiner, Wink Townsite Company, a corporation, and L. W. Powell, to recover taxes alleged to be delinquent on real estate in Winkler county, and to foreclose the tax lien, and on personal property, described in the petition. The suit was for the sum of $212.-19 for the years 1928, 1929, and 1931, for the taxes, penalties, and "costs and interest to accrue." The parties named are alleged to be the record owners of the property upon which the taxes were levied or as having an interest therein. The petition distinctly and separately stated the taxes due on each of the several pieces of real estate for each year and the personal property (apparently buildings on the lots) and the tax distribution for each tract for each year. Citation was duly issued and served upon all defendants except L. W. Powell, as to whom no citation was issued or served. The citation served on the three named defendants conformed to the petition as to the alleged years of delinquency, 1928, 1929, and 1931, and as to the amount of taxes and penalties due.

. None of the defendants answered or entered appearance.

Later plaintiff filed its first amended original petition, naming the same parties as defendants and alleging in the amended petition the taxes due, without interest and penalties on the same property, for the years 1928, 1929, and 1931, and, in addition to the taxes for the years 1928, 1929, and 1931, sued for the delinquent taxes for the years 1930 and 1932.

The amended petition as in the original stated the taxes due for each of the several tracts and the total amount due for the whole number of years. Plaintiff in its amended petition asserted its tax lien on said property and asked judgment for said amount and foreclosure of its tax lien.

None of the defendants answered the amended petition or entered appearance.

The court heard the evidence, and in the judgment found and states that defendant Westerly Supply Corporation had theretofore forfeited its charter to do business as a corporation in the state of Texas and was a defunct corporation; that defendant Sam Weiner is the owner of the assets of the defunct corporation and is conducting the business of said corporation in the same corporate name; that defendants Wink Townsite Company and L. W. Powell are the record owners of the real estate, describing same, upon which said Westerly Supply Company has its buildings and conducts its business, and that defendant Sam Weiner is in fact the owner of all said property and improvements thereon (which we understand to be the personal property).

The court found that the taxes due on said several tracts of land, describing same, and the buildings thereon, stating the amount, were delinquent, and entered default judgment for the aggregate amount of taxes, penalties due on all of said properties, and ordered a foreclosure of the tax lien.

The Westerly Supply Company and Sam Weiner bring error.

## Opinion.

Plaintiffs in error present one proposition. It is as follows: "The trial court erred in rendering judgment by default against defendants, there being no service upon any of defendants as to the cause of action alleged in plaintiff's first amended original petition:—Wherefore the judgment rendered herein is void."

The briefs filed for plaintiffs in error base the error assigned upon the following statement: The original petition upon which citation was issued for delinquent taxes was for the years 1928, 1929, and 1931, only; that the amount sued for was $212.19 for taxes and penalties; that citation (on the original petition) was served on Westerly Supply Corporation, Sam Weiner, and Wink Townsite, and that no citation was ever served on L. W. Powell; that no service of citation was had on any of the parties sued under the amended petition; that none of the parties sued answered or entered appearance; and that judgment was entered for $407.69.

No statement of facts is found in the record, and the above statement is a correct statement of the facts as disclosed by the original and amended petitions and the judgment entered.

▆ We must assume that the facts stated in the judgment are sustained by the evidence offered on the trial.

As sustaining their proposition, plaintiffs in error refer us to Edrington v. Allsbrooks, 21 Tex. 186, Simms Oil Co. v. Butcher (Tex.Civ.App.) 55 S.W.(2d) 192, and Glass v. Smith, 66 Tex. 548, 2 S.W. 195.

▆ We have reviewed the cases and think they are not in point. Of course, where no jurisdiction has been acquired, the court has no power to enter judgment. Defendant in error concedes that the court had no power to enter judgment by default for taxes and penalties for the years 1930 and 1932, and asks the court to reform the judgment and here enter judgment for the taxes and penalties for the years included in the original petition. Without deciding or discussing the question whether the amended petition states a new cause of action, we feel disposed to so reform the judgment. It is not clear that the court could not properly enter judgment for the taxes and penalties delinquent for the years 1928, 1929, and 1931. Service was properly had on plaintiffs in error on the original petition, and the court found the plaintiff in error Sam Weiner owned all the property upon which the taxes were due. Conceding that Sam Weiner is the owner of the property and that no personal judgment was entered against any of the parties other than Sam Weiner, we fail to see

how any of the parties could be injured by the judgment or could complain.

Appellate courts have statutory power to render the judgment that the trial court should have rendered, and this necessarily embraces authority to modify the judgment where jurisdiction, as here, has been acquired. We think all the facts are present that authorize the entry of judgment for defendant in error for the taxes, interest, and penalties for the years 1928, 1929, and 1931, and the judgment of the trial court is so reformed and here entered that defendant in error have judgment as follows: In favor of defendant in error and against plaintiff in error Sam Weiner for taxes, interest, and penalties, for the years 1928, 1929, and 1931, and the total sum of $242.60, and a foreclosure of the tax lien on lots 15 and 16, in block 33, and lots 15 and 16 in block 83, and on which the Westerly Supply Company has its business and equipment.

Reformed, and as reformed rendered.