**LAMESA RURAL HIGH SCHOOL DIST. et al. v. SPECK.**

No. 2963.

Court of Civil Appeals of Texas. Eastland.

Nov. 14, 1952.

Rehearing Denied Dec. 5, 1952.

Ralph Kinsey, Lamesa, for appellants.

Cayton & Wassell and Erwin G. Ernst, Lamesa, for appellee.

COLLINGS, Justice.

This is an injunction suit brought by Cecil Speck against Lamesa Rural High School District and the Justice of the Peace of Precinct No. 1 of Dawson County, Texas, to permanently enjoin such defendants from issuing an execution on a personal property tax judgment in the amount of $7.97. The trial was before the court without a jury. Judgment was entered granting the injunction as prayed and from such judgment this appeal is brought.

The evidence shows that appellant school district filed a suit against Cecil Speck in the Justice Court of Precinct No. 1 of Dawson County, for $7.97, alleged to be due as taxes on personal property. The tax suit was filed on May 26, 1951 and citation issued on the same day, citing Speck to appear on Monday next after the expiration of ten days from the date of service. Service was obtained on May 28, 1951, and default judgment taken against Speck on June 13, 1951.

The District Court granted an injunction restraining appellant school district and the Justice of the Peace from issuing

a writ of execution upon the Justice Court judgment and found that the Justice Court's citation was defective and insufficient in law to support such default judgment for the reason that it did not comply with Rules of Civil Procedure pertaining to tax suits; that by reason of such defective citation the default judgment of the Justice Court was void.

In several points appellant contends that the District Court erred in granting the injunction. It is urged that (1) the Justice Court judgment was not void by reason of a defective citation; (2) that if the judgment was void Speck was not entitled to the injunction because (a) he did not show diligence in protecting his rights in the Justice Court; (b) that he failed to show he had suffered irreparable injury; (c) that at the time the injunction was granted he still had a remedy in the original trial court by a bill of review or a proceeding to set aside such default judgment.

█ Rules relating to service of process are mandatory and a default judgment based upon citation and service not complying therewith, is void, if the defect is apparent on the face of the record. Mitchell v. Rutter, Tex.Civ.App., 221 S.W. 2d 979; Lipscomb v. Japhet, Tex.Civ.App., 18 S.W.2d 786; City of Corpus Christi v. Scruggs, Tex.Civ.App., 89 S.W.2d 458; Burrage v. Hunt, Tex.Civ.App., 147 S.W. 2d 532.

█ This is a collateral attack upon the Justice Court judgment. In such a proceeding, a recitation of due service of process in the judgment under attack imports absolute verity and cannot be questioned. There is, however, no recitation of service in the Justice Court judgment here under consideration. When a judgment does not recite due service of process, the entire record may be examined to ascertain such fact. Hitt v. Bell, Tex.Civ. App., 111 S.W.2d 1164; Ringgold v. Graham, Tex.Com.App., 13 S.W.2d 355.

█ An examination of the record discloses that the Justice Court citation upon which the default judgment was based commanded appellee "to appear and answer—on or before 10 o'clock A.M. on Monday, next, after the expiration of ten days from the date of service" of such citation. The citation complied with the provisions of Rule 534, Vernon's Texas Rules of Civil Procedure, governing citations generally in suits in Justice Courts. The citation did not, however, comply with the provisions of Rule 117a which, in our opinion, is controlling with respect to citations in tax suits and which requires that in such suits personal citation on a defendant must provide for appearance and answer on or before Monday next after the expiration of twenty days from the date of service.

Rule 2 of Rules of Civil Procedure, provides in part as follows:

"These rules shall govern the procedure in the justice, county, district, and appellate courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated. * * * All statutes in effect immediately prior to September 1, 1941, prescribing rules of procedure in tax suits are hereby continued in effect as rules of procedure governing such cases, but where such statutes prescribed no rules of procedure in such cases, these rules shall apply; provided, however, that Rule 117a shall control with respect to citation in tax suits."

Rule 110 covering the effect of Rules on other statutes, provides as follows:

"Where by statute or these rules citation by publication is authorized and the statute or rules do not specify the requisites of such citation or the method of service thereof, or where they direct that such citation be issued or served as in other civil actions, the provisions of these rules shall govern. Where, however, the statute authorizing citation by publication provides expressly for requisites of such citation or service thereof, or both, differing from the provisions of Rules 114, 115, and 116, these rules shall not govern, but the special statutory procedure shall continue in force; provided, however, that Rule 117a shall

control with respect to citation in tax suits."

Rule 117a provides:

"Citation in Suits for Delinquent Ad Valorem Taxes. In all suits for collection of delinquent ad valorem taxes, the rules of civil procedure governing issuance and service of citation shall control the issuance and service of citation therein, except as herein otherwise specially provided."

Rule 117a further provides in Section 1 as follows:

"Where any defendant in a tax suit is a resident of the State of Texas and is not subject to citation by publication under subdivision 3 below, the process shall conform substantially to the form hereinafter set out for personal service and shall contain the essential elements and be served and returned and otherwise regulated by the provisions of Rules 99 to 107, inclusive."

Under Section 6 of Rule 117a the form of citation to be used in tax suits is set out and such form provides, among other things, that the defendant be commanded to answer "at or before 10 o'clock a. m. of the Monday next after the expiration of 20 days from the date of service of this citation".

An examination of Rules 99 to 107 inclusive, as directed by Rule 117a, discloses that Rule 101 covering requisites of the citation provides for a twenty day period within which to answer after service of citation.

Rule 101 reads as follows:

"The citation shall be styled 'The State of Texas' and shall be directed to the defendant and shall command him to appear and answer the plaintiff's petition at or before 10 o'clock a. m. of the Monday next after the expiration of 20 days from the date of service thereof, stating the place of holding the court."

The above quoted rules are controlling with respect to citations in tax suits and require that such citations shall provide for a twenty-day period within which to answer instead of the ten days provided for in ordinary justice court suits. The Justice Court citation here under consideration did not comply with such rules and, in our opinion, the trial court correctly held that the default judgment in the Justice Court was void.

■ Contrary to appellants' contention, the general rule is that injunction is an appropriate relief from a void judgment. Glass v. Smith, 66 Tex. 548, 2 S.W. 195; Tucker v. Williams, Tex.Civ.App., 56 S. W. 585; August Kern Barber Supply Co. v. Freeze, 96 Tex. 513, 74 S.W. 303; Wardlaw v. Savage, Tex.Civ.App., 191 S.W. 1176, 1177; Smith v. Givens, Tex. Civ.App., 97 S.W.2d 532; Parker v. Watt, Tex.Civ.App., 178 S.W. 718.

■■ It is further urged by appellant that the district court erred in granting the injunction because Speck did not show that he had been diligent in protecting his rights and using his remedies at law to prevent the Justice Court judgment from becoming final. In our opinion, the record supports the conclusion that appellee Speck was diligent in his efforts to exercise all of the legal remedies which were available to him.

Since the amount of the judgment against appellee was less than $20, exclusive of costs, there was no appeal. Art. 2454, Vernon's Annotated Revised Civil Statutes. Speck duly made application to the County Court for a writ of certiorari but his application was denied and it cannot be said that he was negligent in his attempt to pursue such legal remedy.

The only other legal remedy which could have been available to Speck was a motion for a new trial. Motions for new trials, in Justice Court, are required to be filed within five days after the rendition of a judgment. The default judgment here under consideration was rendered on June 13, 1951 and a motion for new trial was required to be filed not later than June 18, 1951. Appellee's attorneys testified that they prepared an answer to be filed in the Justice Court tax suit not knowing that a default judgment had been taken, but

when he took it to the Justice Court for filing, it was found that judgment had already been taken and that the time for making a motion for new trial had elapsed; that "even the time for—appeal had passed." This testimony supports the implied finding of the judgment here on appeal that knowledge of the Justice Court default judgment against appellee was acquired after June 18, 1951 when it was too late to file a motion for new trial, and that appellee was, therefore, not lacking in diligence in pursuing such legal remedy. It is true that appellee's attorney also testified that it was his recollection that he prepared an answer and took it over to the Justice Court to file before twenty days from the date of service. If this testimony were true, then appellee had knowledge of such default judgment in time to have filed a motion for a new trial under Texas Rules of Civil Procedure which is not consistent with the testimony supporting the implied finding of diligence. Such inconsistency, however, simply presented a conflict in the testimony and it was within the province of the judge as the fact finder to determine which was correct. Rose v. O'Keefe, Tex.Com.App., 39 S.W.2d 877; Austin Fire Ins. Co. v. Adams-Childers Co., Tex.Com.App., 246 S. W. 365; Young v. Blain, Tex.Com.App., 245 S.W. 65; Lynch Oil Co. v. Shepard, Tex.Civ.App., 242 S.W.2d 217 (Writ Ref.). It, therefore, appears that the evidence justifies the conclusion that appellee did exercise diligence in pursuing his legal remedies in the Justice Court.

We cannot agree with appellants' point to the effect that the District Court erred in granting an injunction because Speck still had a remedy in the Justice Court by a bill of review or a suit to set aside the judgment. The Justice Court judgment was not merely voidable but was void and in such cases it has been held by our Supreme Court that an injunction by the District Court is proper. Galveston, H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S.W. 918; Gulf, C. & S. F. Ry. Co. v. Rawlings, 80 Tex. 579, 16 S.W. 430.

Appellants' contention that Speck is not entitled to an injunction because he has failed to show irreparable injury is likewise overruled. The Justice Court judgment is void and the school district admittedly intends to have execution issued unless restrained.

The judgment of the trial court is affirmed.