**Essie Mae WILSON et al., Appellants,**

**v.**

**Versie Lee WILSON et al., Appellees.**

**No. 34.**

Court of Civil Appeals of Texas.

Tyler.

March 19, 1964.

Rehearing Granted April 16, 1964.

John H. Holloway, Jesse Shivers, Isken, Gathright & Shivers, Houston, for appellants.

R. E. Biggs, Liberty, for appellees.

DUNAGAN, Chief Justice.

Respondent, Versie Lee Wilson, instituted suit on April 23, 1963, individually and as next friend of her minor daughter, Evelyn Joyce Wilson (appellees in this court), against petitioners, Essie Mae Wilson and Willie Louis Wilson (appellants), to declare heirship of LeRoy Wilson in the County Court of Shelby County, Texas, because of conflicting claims for death benefits of LeRoy Wilson through the Industrial Commission of Arizona, as his surviving wife.

The appellants were each served with citation but did not answer or make any appearance, either in person or by an attorney. At the time and place set by the

court, the case was called for hearing. The court heard evidence and rendered judgment declaring that the petitioner, Versie Lee Wilson, was the legal wife of LeRoy Wilson at the time of the death of the said LeRoy Wilson and that Evelyn Joyce Wilson is the only child of said LeRoy Wilson. The appellants filed their petition for writ of error in the County Court of Shelby County, Texas, as provided for in Article 2249a, Vernon's Ann.Rev. Civ.St.Tex., and perfected their appeal to this court by the timely filing of their appeal bond in accordance with Rule 361, Texas Rules of Civil Procedure.

The appellants contend that this action was brought under Article 2524–1 of the Vernon's Ann.Revised Civil Statutes of Texas (the Uniform Declaratory Judgments Act) and that citations were not served upon them in accordance with Rule 101, Texas Rules of Civil Procedure, and by the way of assignment of error No. 1, they complain that the default judgment is void because of defective citation upon petitioners requiring answer be made at a time other than specifically stated and provided by Rule 101, Texas Rules of Civil Procedure, the requirements of said Rule being mandatory, said judgment being taken "premature" and being void or erroneous as a matter of law.

Appellees contend that this action was brought under Sections 48 and 49 of the Probate Code of the State of Texas, V.A. T.S., and that process of service in this case was in compliance with Sections 50 and 33(f) (1) of the Probate Code of the State of Texas.

Appellees, in their petition to declare heirship, state in paragraph 6 of said petition:

"Your petitioner further represents that this court has jurisdiction to hear and determine the issue submitted herein under Article 2524–1 of the Revised Civil Statutes of Texas."

It is apparent from this allegation that appellees brought this action under Article 2524–1 of the Revised Civil Statutes of Texas. Furthermore, upon the hearing of this case, appellees' attorney stated to the court:

"* * * This action is brought under the statute which provides for the declaration of heirship and also under Article 2524–1 of the Revised Civil Statutes of Texas * * *."

Citation was issued to Willie Wilson commanding him to appear before the Honorable County Court of Shelby County, Texas, at the courthouse of said county in Center, Texas, by filing a written answer to plaintiffs' petition filed in said court on the 23rd day of April, A.D., 1963, numbered 1588 on the docket of said court, and styled, Versie Lee Wilson, et al. v. Essie Mae Wilson, et al., defendants. This citation was issued April 23, 1963.

The citation to Essie Mae Wilson commanding her to appear at the courthouse of said county in Center, Texas, by filing a written answer at or before 2:00 P.M., Friday, May 10, 1963, in Cause No. 1588 on the docket of said court, and styled, Versie Lee Wilson, et al., plaintiffs, v. Essie Mae Wilson, et al., defendants, and this citation was also issued on April 23, 1963.

Each of the above citations was served on the respective parties at 2:45 o'clock P.M., May 6, 1963.

If this action was brought in the lower court under Article 2524, which we think it was, appellants' assignment of error No. 1 should be sustained.

This case proceeded to trial on the 17th day of May, A.D., 1963, and judgment rendered on the same day. It is apparent on the face of the record that service was not had upon the appellants in accordance with the provision of Rule 101, T.R.C.P., that "The citation shall be styled 'The State of Texas' and shall be directed to the defendant and shall command him to appear by filing a written answer to the plaintiff's petition at or before *10 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service*

*thereof,* stating the place of holding the court. * * *"

A judgment by default without proper service of citation is void. On a direct attack, such as this, the usual presumption of service because of the recital in the judgment that "defendants though duly and legally cited failed to appear or answer in their behalf, but wholly made default," does not obtain, and the error resulting from the absence in the record of the necessary showing necessitates a reversal of the judgment. Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934.

It is well to note just here that our courts have uniformly held that a trial court acquires no jurisdiction of the person of a defendant in a civil suit so as to warrant the entry of a default judgment against him until a proper time after he has been *duly* served with citation containing all the requisites set out in Rule 101, T.R.C.P.; or until a party has in some manner waived such process. Rule 124, T.R.C.P.; Zimmerman v. First National Bank of Bowie, Tex.Civ.App., 235 S.W.2d 720.

Rules relating to service of process are mandatory and a default judgment based upon citation and service not complying therewith, is void, if the defect is apparent on the face of the record. Lamesa Rural High School District et al. v. Speck, Tex.Civ.App., 253 S.W.2d 315.

Assuming that the appellees are correct in their contention made in this court that this action was brought under Sections 48 and 49 of the Probate Code of the State of Texas, the judgment would have to be reversed because appellees did not comply with the requirement of Section 49 of the Probate Code that "Such petition shall be supported by the affidavit of each petitioner to the effect that, in so far as is known to such petitioner, all the allegations of such petition are true in substance and in fact and that no such material fact or circumstance has, within the affiant's knowledge, been omitted from such petition." The affidavit required to be made and attached to the petition is a matter of substance—an essential part of the application—so much so that the court acquires no jurisdiction without it. The statute is mandatory, and the court acquired no jurisdiction of the cause, because the petition was fatally defective for want of proper verification. Johnson v. Mooney et al., Tex.Civ.App., 241 S.W. 308; Warne et al. v. Jackson et al., Tex.Civ.App., 273 S.W. 315; Texas Employers' Insurance Association v. Nelson et al., Tex.Civ.App., 292 S.W. 651; Barnard v. Kuldell, Tex.Civ.App., 349 S.W.2d 313.

In view of our conclusions herein reached, other points of error presented by appellants become immaterial.

For the reasons above given, the judgment is reversed and the cause remanded to the trial court.

## ON MOTION FOR REHEARING

Appellants have filed their motion for rehearing in which they contend that the court erred in reversing and remanding instead of dismissing on the basis that the County Court of Shelby County did not have jurisdiction of this cause of action. We sustain this contention.

Versie Lee Wilson, the petitioner in the County Court, alleges in her petition that LeRoy Wilson was her husband and the father of her daughter, Evelyn Joyce Wilson, and that he was killed in the State of Arizona in the course of his employment in 1962; that petitioner, Versie Lee Wilson, filed, or caused to be filed, a claim as the surviving spouse of LeRoy Wilson for herself and child with the Industrial Commission of Arizona.

Petitioner, Versie Lee Wilson, further alleges that a woman who represented herself to be Essie Mae Anderson, or Essie Mae Henderson, or Bessie Mae Wilson, appeared and claimed to be the surviving

**160**

spouse of the said LeRoy Wilson and thereafter filed, or caused to be filed, a claim as the surviving spouse of LeRoy Wilson with the Industrial Commission of Arizona for herself and alleged son, Willie Wilson. Petitioner, in paragraph 4 of said petition, makes the following allegation:

"Your petitioner further represents that, since two claims have been filed by different women claiming to be the surviving spouse of LeRoy Wilson with the Industrial Commission of Arizona, it is necessary to have a Court of Competent jurisdiction in Texas, the State of the residence of the parties, to declare by judgment, which of the two claimants is or was the legal wife of the said LeRoy Wilson at the time of the death of the said LeRoy Wilson, so that it can safely pay the person entitled thereto the benefits provided by the Arizona law."

■ Section 1, Article 2524–1, V.A.C.S. (Uniform Declaratory Judgment Act) provides that:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * and such declarations shall have the force and effect of a final judgment or decree."

It will be thus seen that a petition must show that the cause of action is within the jurisdiction of the court, before the court shall enter a decree affecting the rights of the parties. Manifestly, appellees' petition makes no such jurisdictional allegation.

Original jurisdiction is conferred upon the county courts of this state by Section 16, of Article 5, of the State Constitution, Vernon's Ann.St. It provides that the county court shall have exclusive original jurisdiction in all civil cases where the matter in controversy is over $200.00 but not in excess of $500.00, exclusive of interest; concurrent jurisdiction with the district court when the matter in controversy is $500.00 and not over $1,000.00, exclusive of interest; the general jurisdiction of a probate court.

■ A suit for declaratory relief must be brought in a court of record, and that court must, by virtue of the general statutory and constitutional provisions relating to jurisdiction, have jurisdiction of the subject matter of controversy. 19 Tex. Jur. (2d) p. 162, Sec. 23; Lincoln et al. v. Harvey et al., Tex.Civ.App., 191 S.W.2d 764.

■ The allegations in the petition, having demonstrated that it does not involve a matter in probate, and the failure therein to disclose the amount in controversy, renders the petition insufficient to confer jurisdiction upon the county court of Shelby County.

Even though there is an actual, real, bona fide, and justiciable controversy between the parties, the cause of action must be brought in a court of competent jurisdiction.

The judgment heretofore entered reversing and remanding judgment is withdrawn and the judgment is hereby reversed and the cause dismissed for the reasons herein stated.