Betty Jo Nealy LIVINGSTON, Appellant,

v.

Jess H. NEALY, Appellee.

No. 57.

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 10, 1964.

Rehearing Denied Oct. 8, 1964.

Ellis F. Morris, Houston, for appellant.

Richard O. Werlein, Houston, for appellee.

SHARPE, Justice.

This appeal is from a judgment of the Court of Domestic Relations No. 2 of Harris County, Texas, modifying the original decree as to the amount of child support and concerning visitation rights or custody of the minor children of the parties.

Betty Jo Livingston, appellant, now remarried, is the former wife of Jess H. Nealy, appellee. By decree of September 19, 1960, rendered by the said court, appellant was granted a divorce from appellee and was given custody of their two minor children, a son born September 15, 1949, and a daughter born January 30, 1953. Appellee was given rights of visitation with the children on alternate weekends from 5:00 p. m. on Friday until 6:00 p. m. on Sunday, and was ordered to pay $275.00 monthly for their support.

On October 11, 1962, appellee was found in contempt for failure to pay such child support, but purged himself from a sentence of three days imprisonment by paying the amount in arrears. By order entered on November 19, 1962, following a hearing on October 30, 1962, the child support payments were reduced to $225.00 per month.

On June 24, 1963, appellant filed a second motion for contempt, alleging that appellee was in arrears in the child support payments and praying for attorney's fees in connection with her motion. Said motion was originally set for hearing on July 23, 1963, and it appears that the court heard some evidence on it. However, when appellee filed certain cross-motions the court reset all of such matters for August 8, 1963.

The record shows that appellee's said cross-motions were filed on July 25, 1963. In addition to a denial of the contempt alleged by appellant's motion, appellee filed a cross-motion for contempt against appellant based upon her alleged failure to make reports to the clerk concerning the child support payments received by her from appellee, as well as a motion for reduction of the amount of child support and a motion to allow appellee enlarged visitation rights. Among other things, appellee alleged that shortly after entry of the order of the court on November 19, 1962, reducing child support payments, appellant married Junior Ray Livingston and moved to Baltimore, Maryland, with him and the two children; that appellee had been deprived of visiting with his children because of such facts and desired greatly enlarged visitation rights; that appellee's financial condition had changed for the worse since entry of the last child support order and his support payments should be greatly reduced. The fiat of the court endorsed on appellee's said cross-motions was dated July 25, 1963, and fixed a hearing on the same for August 8, 1963.

After hearing evidence on all motions of both parties on August 8, 1963, the trial court entered an order providing, in substance, that neither party would be held in contempt; that child support payments would be reduced to $125.00 per month, and should not be paid by appellee during the summer when the children would be with appellee; that the original decree was modified to provide that appellee "has the right to visit with and have both of his children for a period of two months, somewhere between June 1 and August 31, of each and every year; provided that he has given at least thirty days' advance, written notice to Betty Jo Livingston (their mother) at her last known address; and to also provide for five days' visitation during the Christmas (school) holiday period with Cross-Petitioner, if he pays for the expense of any travel involved; and to further provide for every other weekend visitation, from Friday afternoon after school until Sunday evening (a continuous period), with the said children, as well as at all other reasonable times when and if Cross-Petitioner is in or near the place where the

children reside." Said judgment also ordered appellee to pay attorney's fees of $150.00 to appellant's attorney as well as costs of such proceedings, "provided that such payments need not be paid at one time, but may be paid over a reasonable period of time."

Appellant asserts five points of error, in substance as follows: (1) the trial court abused its discretion in reducing the child support payments, (2) the trial court abused its discretion in modifying the divorce decree to provide for a two-month visitation period, because such action, as a matter of law, constitutes a change of custody, (3) the trial court abused its discretion in suspending the child support payments for the summer visitation period, (4) the trial court erred by granting a change of custody in a proceeding brought under Article 4639a, Vernon's Ann.Tex.Civ.St., and (5) the trial court erred in providing that attorney's fees need not be paid by appellee at one time, but that same may be paid over a reasonable period of time.

Appellant's point number one is without merit because a sufficient showing of changed conditions was made and an abuse of discretion in reducing the amount of child support is not shown. We do not believe that extended consideration of evidentiary details would serve any useful purpose. Several material changes were shown to have taken place since the last support order of the court. Appellant had remarried and moved to Baltimore, Maryland, with the children. In Houston, the minor son had attended a private school, but in Baltimore he was attending a public school. Appellant's ability to provide necessities for the children had apparently improved, while appellee had changed jobs and his earnings had decreased. Appellee had lost a substantial amount of money in a business venture. He was unable to meet all of his current obligations and could not discharge his debts. He had reduced his living expenses had sold an automobile and cancelled an insurance policy. Appellee had also remarried within about a year after his divorce from appellant. He, undoubtedly, had been deprived of visitation rights with his children since the remarriage of their mother. The record reflects an adequate basis for the action of the trial court in reducing child support payments and we do not feel that its order on this phase of the case should be disturbed. Mobley v. Mobley, 221 S.W.2d 565 (Tex.Civ.App.1949, Wr.Ref. n. r. e.); McAfee v. McAfee, 258 S.W.2d 824 (Tex. Civ.App.1953, n. w. h.); Cockrell v. Cockrell, 298 S.W.2d 178 (Tex.Civ.App.1957, n. w. h.). Appellant's point number I is overruled.

By her point number II, appellant asserts that the trial court abused its discretion in modifying the divorce decree to provide for a two-month visitation period for the children and appellee, because such action, as a matter of law, constituted a change of custody.

Appellee's cross-motions for contempt, reduction of child support payments and for enlarged visitation rights did not refer to or expressly ask for a change of custody of the minor children. It appears that thirteen clear days elapsed between July 25, 1963, the date of the judge's fiat (service of which was made on the same day) and the date fixed for hearing of such motions on August 8, 1963. No question is raised as to the sufficiency of such notice to authorize the trial court to hear the motions for contempt, the motion to reduce child support payments and the motion for alteration of visitation rights, on August 8, 1963. However, appellant strongly insists that the trial court could not properly order a change of custody of the minor children on such date. We agree.

It did not appear from appellant's or appellee's motions that anything more than the questions of contempt, amount of child support, and visitation rights were involved. At the hearing on August 8, 1963, the court and counsel apparently considered that only such questions were presented to the court for decision, and it nowhere appears that

a change in the legal custody of the minor children was actually intended. The action of the trial court in expanding appellee's so-called right of visitation from two days every other week, as provided by the original decree, to a two-month period during the summer and two additional shorter periods after Christmas each year and at Easter, every other year, was not apparent until the hearing of August 8, 1963, had been concluded and decision was announced. However, it is clear that the action of the trial court amounted to considerably more than an alteration of visitation rights, and that, as a matter of law, the order of the court constituted a change in custody of the minor children. Green v. Spell, 191 S.W.2d 92 (Tex.Civ.App.) affirmed 144 Tex. 535, 192 S.W.2d 260 (1946); Quick v. Lindsay, 208 S.W.2d 910 (Tex.Civ.App.1948); Bezner v. Sawyer, 217 S.W.2d 858 (Tex. Civ.App.1949); Glasgow v. Hurley, 333 S.W.2d 658 (Tex.Civ.App.1960); Liska v. Hall, 357 S.W.2d 601 (Tex.Civ.App.1962); Leonard v. Leonard, 358 S.W.2d 721 (Tex. Civ.App.1962); Spencer v. Spencer, 371 S.W.2d 898 (Tex.Civ.App.1963). Under these cases it is well settled that after the original decree has become final a motion or petition to change custody of a child is a new and independent action. Such a suit for change of custody is not within the continuing, exclusive jurisdiction of the court rendering the original decree, as are matters of child support and enforcement of said decree.

■ A defendant in a suit or a respondent in a motion for change of custody of minor children is entitled to follow the usual procedure as in any other type of case which is a new, separate and independent law suit, including, among other things, service of citation, unless waived, the right to file an answer after the period of time prescribed by law has elapsed, to pre-trial proceedings, to have a jury trial, if desired, and to take many other steps allowed in the usual course of a suit. A defendant or respondent should not and cannot be required to try an issue of permanent child custody or be subject to a judgment determining the same at a hearing where only temporary orders are involved or where other matters, such as contempts, child support or enforcement of the decree are before the court on the short notice provided by Article 4639a, V.A.T.S., or otherwise where the time allowed is less than for the usual citation. Goodman v. Goodman, 236 S.W.2d 641 (Tex.Civ.App.1951, n. w. h.); Green v. Green, 282 S.W.2d 254 (Tex.Civ. App.1955, n. w. h.). The notice provided by Article 4639a refers to the hearing on support, not custody. Ex parte Webb, 153 Tex. 234, 266 S.W.2d 855 (1954). It has also been held that where contempt proceedings were filed by the mother against the father, and the trial court, without other pleadings, modified custody and entered other orders prohibiting the child from being taken out of the county, such orders were void. Seber v. Glass, 258 S.W.2d 122 (Tex.Civ.App.1953, n. w. h.). Where both questions of enforcement of the judgment and custody are involved it may be proper and sometimes necessary, to sever the issues. Taylor v. Taylor, 348 S.W.2d 226 (Tex.Civ. App.1961, n. w. h.). The trial court herein could not properly order a change of custody where the only notice given was of proceedings under Article 4639a and as to alteration of so-called visitation rights. Appellant's point number II reflects error calling for modification of the judgment as hereinafter indicated.

Appellee's brief contains an alternative prayer, in the event the judgment herein is not affirmed, that this court correctly modify said judgment so as to reduce the amount of visitation, (which actually amounted to a change of custody under our holding), allowed to appellee. It appears that appellant's contention as to change of custody will be met by appellee's alternative prayer and such request will be granted. The judgment herein will be reformed to eliminate the expansion of the so-called visitation rights of appellee, which will leave the original decree in full force and effect as to such matters.

Appellant's point number II is sustained and the judgment of the trial court will be modified and reformed in the respects hereinbefore indicated.

What we have said in connection with appellant's point number II largely disposes of appellant's points III and IV. Since the judgment will be reformed to eliminate the two-month period of custody of the minor children by appellee, it follows that his support payments will not be suspended for such period. Appellant's point number III will be sustained. We have pointed out under our discussion of appellant's point II that where the only notice given to the respondent was of proceedings under Article 4639a and the alteration of so-called visitation rights, the trial court could not properly order a change in custody. To that exent appellant's point number IV is sustained.

■■ By appellant's point number five she contends that the trial court erred by ordering that her attorney's fee need not be paid at one time, but might be paid over a period of time. In the situation presented here, where appellee was in default on his payments for child support, even though he was not punished for contempt, the trial court was authorized under Rule 308-A, Texas Rules of Civil Procedure, to assess a reasonable attorney's fee in favor of appellant to be taxed as costs. The provision of the judgment concerning payment of attorney's fees is not sufficiently definite or certain to be enforced by the officers of the court by summary process. Burrage v. Hunt Production Co., 114 S.W.2d 1228 (Tex.Civ.App.1938, wr. dism.). The judgment, in effect, leaves the determination of what is a reasonable time for payment up to appellee; at least, in the first instance. Appellant's point number five will be sustained and the judgment will be reformed to provide that appellant's attorney fee is payable as of the date of judgment of the trial court, and that the amount of $150.00 adjudged by the court for such purpose will be taxed as costs against appellee.

The judgment of the trial court will be affirmed as to the amount of reduced child support payments. It will be reformed to eliminate the so-called visitation periods granted to appellee in the summers and at Christmas and Easter. It will also be reformed as to payments of appellant's attorney fee as we have indicated. As so reformed the judgment will be affirmed. The judgment is affirmed as to all other matters. The provisions of the original decree will remain in effect as to custody of the minor children and visitation rights.

Affirmed in part. Reformed and affirmed in part.