**Emory CHAMPION, Appellant,**

**v.**

**Ann KINNEY et vir, Sam Kinney,
Appellees.**

**No. 8002.**

Court of Civil Appeals of Texas,
Texarkana.

Oct. 20, 1970.

Rehearing Denied Nov. 10, 1970.

Errol Friedman, Harry Friedman, Harkness, Friedman & Kusin, Texarkana, for appellant.

Jarry A. Rochelle, Wheeler, Watkins, Hubbard, Patton & Peek, Texarkana, for appellees.

FANNING, Justice.

Emory Champion and Ann Champion were divorced on March 6, 1967, by judgment of the District Court of Bowie County, 102nd Judicial District of Texas, in Cause No. 022055, and Ann Champion was awarded custody of their three minor children. Ann Champion later married Sam Kinney. On August 6, 1969, Emory Champion filed a petition seeking a change of custody, alleging changed conditions. This petition was docketed in the 102nd District

Court under the same number assigned to the original divorce case. No citation, as contemplated by Rule 101, Tex.R.Civ.P., was ever served upon Ann Champion Kinney and her husband Sam Kinney, in the suit to change custody.

However, on August 6, 1969, a Notice of Hearing to Show Cause was issued by the District Clerk of Bowie County, Texas, ordering the Kinneys to appear before the 5th District Court, at the court house in Boston, Texas, on August 18, 1969, at 10:00 A. M., to show cause why Emory Champion should not have immediate custody of the three minor children. The hearing set for August 18, 1969, was never held. Ann Champion Kinney and husband Sam Kinney were never advised by citation, notice, or in any manner of any subsequent hearing to be held in connection with the petition for change of custody.

On September 12, 1969, a hearing was had before the 5th District Court and the court entered an order awarding the custody of the three minor children to Emory Champion. The Kinneys, appellees herein, had no character of notice of this hearing, and consequently were not present at said hearing, and the judgment entered was in effect a default judgment without any character of notice or proper citation.

Four days after the default judgment of September 12, 1969, of which judgment and hearing appellees Kinneys had no character of notice, to-wit, on September 16, 1969, appellant and appellees attended a contempt hearing before the 5th District Court, wherein at this hearing Emory Champion was ordered to pay additional monthly child support for said minor children. The first notice that appellees Kinneys had of the entry of the default judgment (without notice) of September 12, 1969, was on October 20, 1969, when the appellant Emory Champion appeared at the appellees' residence and demanded custody of the three minor children, and Emory Champion then secured possession of the three minor children.

On November 17, 1969, appellees Kinneys filed a petition in the 5th District Court, Bowie County, Texas, to set aside the judgment of September 12, 1969, alleging to the effect that it was void because no citation had ever been served upon them, etc. On December 5, 1969, at which time appellant and appellees appeared and were each represented by counsel, a hearing was held by the 5th District Court on appellees' petition to set aside the default judgment of September 12, 1969. The court, after hearing the evidence adduced, found (as stated in its judgment) among other things, " * * * and that the court further is without jurisdiction to hear a petition for change of custody where the defendant is not served with citation advising as to the time and place of the hearing on the petition to change custody, and does not in fact appear at said hearing * * *", and the court entered its judgment, filed December 8, 1969, setting aside and holding for naught the judgment of September 12, 1969, and further ordered that the minor children be delivered to and restored to the custody of their mother, Ann Champion Kinney. Appellant Emory Champion has appealed.

Appellant presents two points on appeal which read as follows: "Point Number One. The trial court erred in holding it did not have jurisdiction of the appellant's petition to change custody. Point Number Two. The trial court erred in granting Appellees' petition to set aside the judgment changing custody."

Rule 124, Tex.R.Civ.P., provides:

"In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules."

In order for the court to have jurisdiction to proceed to judgment in an action in personam, such as an action in the case at bar to change custody, citation must have been issued and served upon the de-

fendant in one of the ways authorized by law, unless the defendant has voluntarily appeared, answered or accepted or waived process in an appropriate manner. 46 Tex. Jur.2d 329.

Rule 101, Tex.R.Civ.P., which sets forth the requirements of a citation, reads as follows:

"The citation shall be styled 'The State of Texas' and shall be directed to the defendant and shall command him to appear by filing a written answer to the plaintiff's petition at or before 10 o'clock a. m., of the Monday next after the expiration of 20 days after the date of service thereof, stating the place of holding the court. It shall state the date of the filing of the petition, its file number and the style of the case, and the date of issuance of the citation, be signed and sealed by the clerk, and shall be accompanied by a copy of plaintiff's petition. The citation shall further direct that if it is not served within 90 days after date of its issuance, it shall be returned unserved. The party filing any pleading upon which citation is to be had shall furnish the clerk with a sufficient number of copies thereof for use in serving the parties to be served, and when the copies are so furnished the clerk shall make no charge therefor. Amended by order of September 20, 1941, effective December 31, 1941; order of October 10, 1951, effective March 1, 1952."

 Clearly the default judgment of December 12, 1969, wherein no citation as required by law was ever served upon appellees, was void or at least voidable. In this connection see the following authorities: Goodman v. Goodman, 236 S.W.2d 641 (Tex.Civ.App.1951, n. w. h.); Green v. Green, 282 S.W.2d 254 (Tex.Civ.App. 1955, n. w. h.); Nichols v. Wheeler, 304 S. W.2d 229 (Tex.Civ.App.1957, Ref. n. r. e.); Wilson v. Wilson, 378 S.W.2d 156 (Tex. Civ.App.1964, n. w. h.); Livingston v. Nealy, 382 S.W.2d 511 (Tex.Civ.App.1964,

n. w. h.). In Livingston v. Nealy, supra, it was stated in part as follows:

"A defendant in a suit or a respondent in a motion for change of custody of minor children is entitled to follow the usual procedure as in any other type of case which is a new, separate and independent law suit, including, among other things, service of citation, unless waived, the right to file an answer after the period of time prescribed by law has elapsed, to pre-trial proceedings, to have a jury trial, if desired, and to take many other steps allowed in the usual course of a suit. A defendant or respondent should not and cannot be required to try an issue of permanent child custody or be subject to a judgment determining the same at a hearing where only temporary orders are involved or where other matters, such as contempts, child support or enforcement of the decree are before the court on the short notice provided by Article 4639a, V.A.T.S., or otherwise where the time allowed is less than for the usual citation. Goodman v. Goodman, 236 S. W.2d 641 (Tex.Civ.App.1951, n. w. h.); Green v. Green, 282 S.W.2d 254 (Tex. Civ.App.1955, n. w. h.). The notice provided by Article 4639a refers to the hearing on support, not custody. Ex parte Webb, 153 Tex. 234, 266 S.W.2d 855 (1954). It has also been held that where contempt proceedings were filed by the mother against the father, and the trial court, without other pleadings, modified custody and entered other orders prohibiting the child from being taken out of the county, such orders were void. Seber v. Glass, 258 S.W.2d 122 (Tex.Civ.App. 1953, n. w. h.) * * *"

Also in this connection see Wilson v. Wilson, supra, wherein it was stated in part as follows:

"A judgment by default without proper service of citation is void. On a direct attack, such as this, the usual presumption of service because of the recital in the judgment that 'defendants though du-

ly and legally cited failed to appear or answer in their behalf, but wholly made default,' does not obtain, and the error resulting from the absence in the record of the necessary showing necessitates a reversal of the judgment. Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934.

"It is well to note just here that our courts have uniformly held that a trial court acquires no jurisdiction of the person of a defendant in a civil suit so as to warrant the entry of a default judgment against him until a proper time after he has been *duly* served with citation containing all the requisites set out in Rule 101, T.R.C.P.; or until a party has in some manner waived such process. Rule 124, T.R.C.P.; Zimmerman v. First National Bank of Bowie, Tex.Civ.App., 235 S.W.2d 720.

"Rules relating to service of process are mandatory and a default judgment based upon citation and service not complying therewith, is void, if the defect is apparent on the face of the record. Lamesa Rural High School District et al. v. Speck, Tex.Civ.App. 253 S.W.2d 315."

Appellees' petition to set aside the default judgment of September 12, 1969, although not formally denominated as a Bill of Review, and although containing some elements of a Bill of Review but perhaps not all, was apparently treated by the court as a Bill of Review in the nature of a direct attack to set aside the default judgment obtained without citation. Appellant filed no special exceptions of any character to the form of appellees' petition to set aside. The trial court heard evidence, which in supplement to the petition to set aside, we think, contained the necessary elements of a Bill of Review.

■ Since there were no exceptions to appellees' pleading as a Bill of Review, and since there were no objections to appellees' evidence touching on the question of a Bill of Review, we think it can be said from the record in this case that the issues of a Bill of Review were before the court and were tried by implied consent of the parties. Under the circumstances in this case, we think appellant can not now urge in the appellate court that appellees' pleadings did not contain all of the necessary averments for a Bill of Review. In this connection, see Bednarz v. State, 1944, 142 Tex. 138, 176 S.W.2d 562. Also in this connection see 20 Tex.Jur.2d, Divorce and Separation, p. 689, wherein it was stated in part as follows:

"Since the best interest of the child is the paramount issue in custody cases, the trial court is given broad discretionary powers in determining the sufficiency of the pleadings in such cases. *The judgment of the court rests more on the evidence than on the pleadings,* and it has been said that pleadings are of little importance in a child custody hearing and that the trial court's efforts to exercise broad equitable powers in determining what will be best for the future welfare of the children should not be hampered by narrow technical rules." (Emphasis added).

■ We also think appellant's contention that appellees should have proceeded to appeal by writ of error (instead of filing a Bill of Review) is without merit under the facts and circumstances in this case. In this connection see Vogel v. Vogel, 405 S.W.2d 87 (Tex.Civ.App.1966, n. w. h.), wherein it was stated in part as follows:

"Nor is appellee barred by the fact that she did not seek relief by writ of error. Proof of her right to relief required the introduction of extrinsic evidence, since the bases for her claim were not reflected in the record of cause No. F-167,374. Under these circumstances, appellate review of the judgment by writ of error would have been inadequate, and her bill of review was properly entertained by the court below even though it was filed before the time for

filing a petition for writ of error had expired. Gutierrez v. Cuellar, Tex.Civ. App., 236 S.W. 497, no writ."

The judgment of the trial court is affirmed.