Evelyn Maureen ROSE, Appellant,

v.

Alvis BURTON et al., Appellees.

No. 8822.

Court of Civil Appeals of Texas,
Texarkana.

April 14, 1981.

Rehearing Denied May 5, 1981.

Charles Fuquay, Moseley, Jones, Enoch & Martin, Dallas, for appellant.

Harry B. Friedman, Harkness, Friedman, Kusin & Britt, Texarkana, for appellees.

BLEIL, Justice.

This appeal from a default judgment is brought by the filing of a petition for writ of error. Appellant, Evelyn Maureen Rose, was served with a petition to determine heirship, but did not timely appear or respond to the petition. She brings this appeal from the judgment determining that she is not an heir at law.

Appellant, Evelyn Maureen Rose, has alleged that she is the illegitimate daughter of the deceased, Zelmor Leon Burton, who died September 24, 1977. On February 23, 1979, appellees, Alvis Burton et al., filed a petition to determine heirship in the District Court of Marion County, Texas, under §§ 48 and 49 of the Texas Probate Code Annotated. In that petition appellees specifically asked that the court find that Evelyn Maureen Rose and any other illegitimate children of the decedent are not his heirs at law. After appellant failed to answer, a hearing was set on June 14, 1979, and after hearing the evidence the court entered a judgment declaring appellees to be the heirs at law of Zelmor Leon Burton, and that Evelyn Maureen Rose has no interest in the estate.

Appellant raises several points concerning the constitutionality of § 42 of the Texas Probate Code Annotated, the sufficiency of service of process, and inadequacy of the petition to confer jurisdiction on the court. We agree that the petition was inadequate to support the judgment and we reverse that judgment.

Section 49 of the Probate Code specifically governs proceedings to declare heirship such as the one filed in this case. Section 49(b) provides that:

"Such application shall be supported by the affidavit of each applicant to the effect that, insofar as is known to such applicant, all the allegations of such application are true in substance and in fact and that no such material fact or circumstance has, within the affiant's knowledge, been omitted from such application. . . ."

That the legislature provided that these proceedings "shall" be supported by affidavits of the applicants demonstrates that this is a mandatory requirement. It has been held that this statute is mandatory and that when a petition such as this one is not verified, it is fatally defective and that the court, in such a case, acquires no jurisdiction of the cause. *Wilson v. Wilson*, 378 S.W.2d 156 (Tex.Civ.App.—Tyler 1964, no writ).

Ordinarily defects in pleadings either of form or substance that are not called to the attention of the trial court are deemed waived by the party seeking reversal on that account. Tex.R.Civ.P. 90. However, this is a default judgment and the proviso of Rule 90 is that it ". . . shall not apply as to any party against whom default judgment is rendered." Appellant, Evelyn Maureen Rose, is the party against whom default judgment was rendered and for this reason she is entitled to complain on this appeal of the defect in pleading. In light of the mandatory provisions of § 49 of the Probate Code and of *Wilson v. Wilson*, supra, and the cases cited therein, we hold that the petition in this case was fatally defective for want of proper verification and that it will not support the judgment declaring heirship entered in this case.

The judgment is reversed and the cause remanded to the trial court.