TEXAS INSPECTION SERVICES,
INC., Appellant,

v.

Thomas R. MELVILLE et ux, Appellees.

No. 17850.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 29, 1981.

Griffiths & Saranello, Bruce V. Griffiths, Houston, for appellant.

M. B. Robinson, Houston, for appellees.

Before COLEMAN, C. J., and SMITH and PEDEN, JJ.

PEDEN, Justice.

Texas Inspection Services, Inc. (TIS), appeals by writ of error from a default judgment in favor of plaintiffs, Thomas R. Melville and Margarita B. Melville, in a suit brought under the Deceptive Trade Practices Act. The trial court had ordered substituted service on the Secretary of State of Texas as statutory agent for service, pursuant to Article 2.11, Tex.Bus.Corp. Act (Vernon 1960), upon allegations that service on TIS's registered agent could not be had. TIS neither answered nor otherwise appeared at the trial. Plaintiffs' pleadings and the officer's unexecuted return of service state the address of defendant's registered office, but the certificate of the Secretary of State shows that copies of the citation and petition were forwarded by registered mail to a slightly different address. Petitioner urges that the record does not affirmatively reflect that the trial court acquired jurisdiction over TIS by serving it with notice of the suit in the manner required by law. We agree.

The basic question presented in a direct attack by writ of error on a default judgment is whether the face of the record reveals error which would vitiate the judgment. *Texaco, Inc. v. McEwen*, 356 S.W.2d 809, 812 (Tex.Civ.App.1962, writ ref'd n. r. e.).

█ The general presumptions of due service of citation in support of the judgment will not be indulged. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94 (Tex.1973); *McKanna v. Edgar*, 388 S.W.2d 927 (Tex. 1965); *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (1935). Unless the record affirmatively shows strict compliance with the provided manner and mode of service of process, a default judgment will not withstand an attack based upon a claim of invalid service. *Charles Cohen, Inc. v. Adams*, 516 S.W.2d 464 (Tex.Civ.App.1974, no writ). Article 2.11 of the Texas Business Corporation Act includes this provision:

> B. Whenever a corporation shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served. Service on the Secretary of State of any process, notice, or demand shall be made by delivering to and leaving with him, or with the Assistant Secretary of State, or with any clerk having charge of the corporation department of his office, duplicate copies of such process, notice, or demand. In the event any such process, notice, or demand is served on the Secretary of State, he shall *immediately cause one of the copies thereof to be forwarded by registered mail, addressed to the corporation at its registered office.* (emphasis added).

Rules relating to service of process are mandatory, and a default judgment based upon citation and service not complying therewith is void if the defect is apparent from the face of the record. *Lamesa High School District v. Speck*, 253 S.W.2d 315, 316 (Tex.Civ.App.1952, writ ref'd n. r. e.) Since upon direct attack by appeal or writ of error every step of the proceeding from process to final judgment is open to examination and no presumptions of proper service arise from the recitations of a default judgment, it follows that a citation must appear among the papers and the record must affirmatively show that all of the necessary requisites have been complied with and that the defendant against whom such judgment by default is taken is properly before the court. 4 McDonald, Texas Civil Practice 12, Sec. 17.23.2 (1971).

█ The face of the record in our case reveals that the defendant's registered office was located at 2526 Marilee, that the Secretary of State mailed copies of the citation and petition to 2525 Marilee Lane, and that the citation was returned marked "Unknown" and "Undeliverable As Addressed." We have noted that when service is properly effected on the Secretary of State, paragraph B of Article 2.11 requires him to cause one of the copies of process to be forwarded by registered mail, addressed to the corporation at its registered office. In *Southwestern Remodelers of Houston Inc. v. Lumaside, Inc.*, 501 S.W.2d 759 (Tex.Civ. App.1973, no writ), this court reversed and remanded a default judgment where substituted service was attempted. Citing *Whitney v. L & L Realty Corp., supra*, Chief Justice Coleman wrote:

> There is no showing in the record that the Secretary of State forwarded a copy of the process served upon him by registered mail, addressed to the Corporation *at its registered office*, as required by Art. 2.11(B), Business Corporation Act, V.A.T.S. Such a showing is essential to establish the jurisdiction of the court over the defendant's person. (emphasis added).

In the case at bar the Secretary of State did not perform the duty imposed on him by law of mailing a copy of the process to the defendant corporation, since the copy was inadvertently sent to an address which was not that of the defendant's registered office.

We do not agree with the Melvilles' contention that effective substituted service is completed when the duplicate copies are received by the Secretary of State and not when they are forwarded by him as required by law. The Melvilles argue that since the record shows that the Secretary of State received the duplicate copies, a typographical error in the certificate evidencing

the Secretary of State's return should not cause the default judgment to be set aside. The typographical error is in an address whose accuracy is crucial for compliance with the statutory requirements.

Having concluded that the first point of error should be sustained, we do not reach the petitioner's second point.

Reversed and remanded.