Richard WEBB, Appellant,

v.

**OBERKAMPF SUPPLY OF LUBBOCK, INC., Appellee.**

No. 07–91–0187–CV.

Court of Appeals of Texas, Amarillo.

May 11, 1992.

Mitchell Williams, Lubbock, for appellant.

Hurley & Sowder, Dan M. Hurley, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

The primary question presented by this appeal is whether there is a lack of jurisdiction apparent on the face of the record which would invalidate the trial court's judgment. Answering in the affirmative, we must reverse the default judgment and remand the matter to the trial court. Richard Webb purchased plumbing supplies from Oberkampf Supply of Lubbock, Inc. on an open account. When the balance remained unpaid, Oberkampf brought a suit on a sworn account against Webb, and attempted to serve him with process.

Citation was first issued July 3, 1989. The July 7, 1989 return stated, "unable to locate at this address." On November 22, 1989, the second citation issued, and after several unsuccessful attempts at service, Oberkampf filed for, and received, an order for substituted service in accordance with Rule 106(b).[1] The return, dated March 14, 1990, stated, "citation expired, unable to locate at address given." The third citation was issued July 27, 1990, and the October 31, 1990 return stated, "citation expired, new citation requested." The fourth cita-

---

1. All references to Rules are to the Texas Rules of Civil Procedure, unless otherwise indicated.

tion issued December 21, 1990, and service of process was attempted by certified mail return receipt requested. Although two notices were left for Webb, the certified mail was returned unclaimed, and the receipt card was unsigned. The return portion of the fourth citation was not completed or signed by any executing officer; rather, the typed statement, "Citation was not executed because," was completed by the handwritten word, "unclaimed."

Webb did not answer or appear in the lawsuit, nor did he waive service of citation. Oberkampf obtained a default judgment against him in the amount of $14,-928.55 at ten percent interest, and attorney's fees in the sum of $2,842.00. Upon receipt of notice of the judgment, Webb filed a motion for new trial alleging that service of process was fatally defective and could not support a default judgment. The trial court denied Webb's motion.

In five points of error, Webb contends that the trial court erred in rendering the default judgment and denying his motion for new trial. Since our determination of his initial points requires a reversal of the judgment, Webb's fourth and fifth points will not be addressed. In his first three points of error, Webb contends that the default judgment is void because he was not served with citation or service of process and, further, that return of citation was not on file with the clerk of the court for the requisite ten days.

Texas Rule of Civil Procedure 124 specifically provides:

> In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules.

Since this appeal constitutes a direct attack, the question for our decision is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the judgment. *McKanna v. Edgar,* 388 S.W.2d 927, 928 (Tex.1965).

Oberkampf contends because Webb did not request findings of fact and conclusions of law, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. Primarily relying upon *Lassiter v. Bliss,* 559 S.W.2d 353, 356–57 (Tex. 1977), Oberkampf contends that in a case such as this, the trial court's judgment implies that all necessary fact findings were made by the court in support of the judgment, and, in determining whether there is any evidence to support the judgment and the implied findings of fact incident thereto, the appellate court can consider only that evidence most favorable to the issue and must disregard entirely that which is opposed to it. That being true, Oberkampf suggests that an implied finding that sufficient notice to appellant here must be applied and the judgment of the trial court affirmed. We disagree.

In the *Lassiter* case, all parties were present in court on January 5, 1976, for a hearing on Lassiter's application for temporary injunction against Bliss. Bliss moved for a continuance which was granted by the court on the condition that he did no more of the activity giving rise to the application. At that time, the court announced that a "full hearing" would be held on February 16, 1976. On February 16, 1976, Bliss announced ready for a hearing on the application for temporary injunction. However, the trial court stated that the February hearing would be one on the merits and rendered judgment on the merits. The question presented to the appellate court was whether there was no notice or inadequate notice to Bliss that the February hearing would be on the merits.

It was in that context that the appellate court observed that no findings of fact had been requested and, in that event, the trial court's judgment must be upheld on any theory supported by the evidence and held that the trial court's announcement in open court that the second hearing would be one on the merits was sufficient notice to Bliss. No question as to sufficiency of the original citation to vest jurisdiction of the court over the defendant was raised or considered in the appeal.

The case is inapposite to the question before us, *i.e.*, whether notice sufficient to vest jurisdiction was given to a defendant. Parenthetically, we note that the *Lassiter* case was later overruled on another point relating to presentation of findings of fact because the *Lassiter* court failed to recognize an amendment to the applicable rule made some twenty years previous to the *Lassiter* decision. *See Cherne Industries, Inc. v. Magallanes*, 763 S.W.2d 768 (Tex. 1989).

■ In a direct attack on a default judgment, the question to be decided is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965). Recitation in the judgment that there was due service is not conclusive in such a proceeding; instead, the record must affirmatively show that the court had jurisdiction of the defendant's person, and that there was strict compliance with the method of service. *Thomas Petroleum Products v. Rulon Elec. Co.*, 609 S.W.2d 890, 891 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

■ While ordinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a default judgment. *McKanna v. Edgar*, 388 S.W.2d at 929. Unless the record affirmatively shows strict compliance with the provided manner and mode of service of process, a default judgment will not withstand an attack based upon a claim of invalid service. Rules relating to service of process are mandatory, and a default judgment based upon citation and service not complying therewith is void if the defect is apparent from the face of the record. *HB & WM, Inc. v. Smith*, 802 S.W.2d 279, 281 (Tex.App.—San Antonio 1990, no writ). Upon direct attack by appeal or writ of error, every step of the proceeding from process to final judgment is open to examination and no presumptions of proper service arise from the recitations in a default judgment. Therefore, a citation and valid return must appear among the papers and the record must affirmatively show that all of the necessary requisites have been complied with and that the defendant against whom a default judgment is taken is properly before the court. *Texas Inspection Serv., Inc. v. Melville*, 616 S.W.2d 253, 254 (Tex. Civ.App.—Houston [1st Dist.] 1981, no writ).

■ Our review of the record reveals no return of service on Webb complying with Rule 107 which in pertinent part states:

... When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature....

Tex.R.Civ.P. 107.

The record shows that the return receipt was not signed by Webb (the addressee), and that the return of citation was not completed or signed by any executing officer. Consequently, the service of process is fatally defective, and cannot support the judgment. *Metcalf v. Taylor*, 708 S.W.2d 57, 58–59 (Tex.App.—Fort Worth 1986, no writ); and *U.S. on Behalf of Adm'r, Etc. v. Charter Bank*, 694 S.W.2d 16, 18 (Tex. App.—Corpus Christi 1985, no writ).

■ A default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements. Failure to affirmatively show strict compliance with the rules of civil procedure renders the attempted service of process invalid and of no effect. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990).

Furthermore, the record must affirmatively reveal that the return of citation relating to the defendant to have been on file in the district clerk's office for the required ten days, otherwise, the default judgment is void. *HB & WM, Inc. v. Smith*, 802 S.W.2d at 282. The record does not affirmatively reflect strict compliance with Rules 106 and 107, consequently, the default judgment against Webb is void.

■ Finally, Oberkampf contends Webb's testimony at the hearing on the motion for new trial that he spoke on the telephone to a sheriff's deputy concerning the citation establishes he had actual knowledge of the lawsuit. Even assuming we agree with Oberkampf's interpretation of Webb's testimony, the contention must fail.

■ Actual notice to a defendant without proper service is not sufficient to convey jurisdiction upon the court to render a default judgment against him. Rather, jurisdiction is dependent upon citation issued and served in a manner provided for by law. *Wilson v. Dunn,* 800 S.W.2d at 836. Absent service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act. A default judgment is improper against a defendant who has not been served in strict compliance with law, even if he has actual knowledge of the lawsuit. *Id.* at 837.

Because the record clearly establishes that Webb was not served in strict compliance with Rules 106 and 107, rendition of the default judgment against him was improper. Accordingly, the judgment is reversed and the matter is remanded to the trial court for a determination of the merits of Oberkampf's suit. By this appeal, Webb has appeared in the lawsuit.