**Andy COSTLEY and Cathy Costley, Appellants,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Appellee.**

No. 07–92–0005–CV.

Court of Appeals of Texas, Amarillo.

Jan. 5, 1993.

Rehearing Overruled Feb. 2, 1993.

Hamker & Walton, Ed Walton and Joe M. Dawson, Amarillo, for appellants.

Tummel & Carroll, Kenneth S. Carroll and Harold K. Tummel, Dallas, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

Appellants Andy and Cathy Costley appeal from a September 16, 1991 judgment in favor of appellee State Farm Fire and Casualty Company. The judgment declares that Homeowners Insurance Policy No. 84–13–7786–0 issued by appellee to appellants on January 10, 1986 is rescinded because of their failure to comply with policy requirements.

On December 31, 1988, Cathy Costley's truck, tractor and other personal property were destroyed by fire while parked on the property of Robert Costley, Andy's father. Mrs. Costley filed suit against Robert Costley for the losses incurred and Robert, in turn, filed a third-party action against Andy Costley alleging the losses suffered by Mrs. Costley were due to Andy Costley's negligent conduct. A demand was made upon appellee to provide a defense for Andy Costley. Subsequently, appellee obtained a judgment rescinding the insurance policy issued to Andy Costley. The policy was rescinded due to Andy Costley's alleged failure to cooperate in the defense of the third-party action brought against him by Robert Costley.

Appellants failed to file an answer in appellee's suit for rescission of the policy which resulted in the default judgment now subject of this appeal. They filed a motion for new trial which was denied by order as to Mr. Costley and by operation of law as to Mrs. Costley.

Initially, at oral argument before this court, appellee conceded that the method of substitute service of process attempted upon Mrs. Costley was not effective. Therefore, our discussion only applies to the validity of the judgment against Mr. Costley.

In his third point of error, Andy Costley alleges that the trial court erred in granting the default judgment because he was not served with citation and petition, or, alternatively, because service was defective. This point is dispositive of the appeal, therefore we will not discuss the remaining points of error.

When a direct attack is made upon a default judgment, the question for appellate determination is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965); *Webb v. Overkampf Supply*, 831 S.W.2d 61, 63 (Tex.App.—Amarillo 1992, no writ). Although ordinarily presumptions are made in support of a judgment, including presumptions of due service of citation when the judgment so recites, no such presumptions are made in a direct attack upon a default judgment. *McKanna v. Edgar*, 388 S.W.2d at 929; *Webb v. Overkampf Supply*, 831 S.W.2d at 64.

Indeed, it is only where the record affirmatively shows strict compliance with the provided manner and mode of service of process that a default judgment will withstand an attack based upon a claim of invalid service. *Webb v. Overkampf Supply*, 831 S.W.2d at 64. The rules relating to service of process are mandatory, and a default based upon citation and service not complying with those rules is void. *Id.; HB & WM, Inc. v. Smith*, 802 S.W.2d 279, 281 (Tex.App.—San Antonio 1990, no writ). When a direct attack by appeal or writ of error is made, every step of the proceeding

from process to final judgment is open to examination and no presumptions of proper service arise from the recitations in a default judgment. *Webb v. Overkampf Supply,* 831 S.W.2d at 64. Therefore, a citation and valid return must appear among the papers before the court. The record must affirmatively show that all of the necessary requisites have been satisfied, and that the defendant against whom a default judgment is taken is properly before the court. *Id.; Texas Inspection Serv., Inc. v. Melville,* 616 S.W.2d 253, 254 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

According to Rule 106 of the Rules of Civil Procedure, there are two methods available to execute service of process without an order of the court. That rule provides:

(a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by

(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

(2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Tex.R.Civ.P. 106(a).

Appellee attempted to serve Mr. Costley in person by delivering the citation and petition pursuant to the method set out in Rule 106(a)(1). After ten unsuccessful attempts to serve Mr. Costley both at his residence in Canyon and at a location where Mr. Costley allegedly parked his truck, appellee filed a Motion for Substituted Service of Process. Following the language of Rule 106(b), the motion stated the location of the defendant's usual place of abode, and in an accompanying affidavit, executed by Brad Everett, stated the dates and times of the attempts made to serve Mr. Costley. The trial court granted the motion to use substituted service, specifically authorizing (1) the mailing of a copy of the citation by certified mail return receipt requested; and (2) the mailing of a copy of the petition by first class mail, postage pre-paid.

We note parenthetically that appellee's motion to use substituted service of process upon Mr. Costley was unnecessary. The method of service attempted, by mailing certified mail return receipt requested, is specifically established in the rule, thus alleviating the need to obtain an order of the court granting the use of this method of substituted service of process. *See* Tex. R.Civ.P. 106(a).

Additionally, Rule 106(b), the provision for substitute service of process, provides in pertinent part:

Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

\*　　\*　　\*　　\*　　\*　　\*

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex.R.Civ.P. 106(b)(2).

■ Appellee has satisfied the first two requirements as the motion and affidavit state the usual place of abode of Mr. Costley, and the affidavit specifically sets forth the dates and times that service of process was attempted. However, the requirement in section (2) is not satisfied. Neither the affidavit nor any other evidence in the record demonstrates a method of service that will be reasonably effective to give Mr. Costley notice of the suit. Therefore, the trial court unnecessarily granted the motion authorizing substituted service of process.

Appellee's argument, apparently accepted by the trial court, must necessarily be that merely depositing the petition and citation in the mail is sufficient to complete service of process. We disagree. This could not have been the legislature's intent

given the construction of Rules 99 and 107. Rule 99(b) provides that the defendant must "file a written answer to the plaintiff's petition on or before 10:00 a.m. on the Monday next after the expiration of twenty days *after the date of service thereof.*" Tex.R.Civ.P. 99(b) (emphasis added). Rule 107 states that, "[w]hen the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." Tex.R.App.P. 107. In addition, Rule 107 provides that, "[n]o default judgment shall be granted in any cause until the citation, . . . with proof of service as provided by this rule . . ., or as ordered by the court in the event citation is executed under Rule 106, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment." *Id.* The operation of the time periods in both Rules 99 and 107 are dependent upon the date that a defendant was served.

Without a return of service, the expiration of time periods specifically provided in Rules 99(b) and 107 cannot possibly be determined. A reasonable construction of the rules is that the legislative intent was to provide some manner of determining when notice was actually given to a putative defendant. Merely depositing the petition and citation in the mail cannot possibly be considered a compliance with that legislative intent, since there is no showing that a defendant actually received such notice. *See Jennings v. Hilburn,* 690 S.W.2d 298, 300 (Tex.App.—Dallas), *rev'd on other grounds,* 698 S.W.2d 99 (Tex.1985). Indeed, to hold that act sufficient, given the difficulties existing in the mails today, would raise serious due process questions. It is for that reason that the legislature enacted Rule 106. That rule gives a trial court the opportunity to select some other type of service, sufficient to comply with due process requirements, which is reasonably sufficient to give a defendant, who refuses to accept mail service, the requisite notice of suit. Notice delivered under that authorization must include some method of return showing when the notice was delivered or served.

In the record before us, there is no return receipt with Mr. Costley's signature accompanying the return of service filed by Brad Everett. Thus, we can only conclude service of process was ineffective. Without proper service as prescribed by the rules, no judgment shall be rendered against a defendant. Tex.R.Civ.P. 124. Because jurisdiction is dependent upon citation issued and served in a manner provided by law, *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990), and because the service of process is fatally defective, it cannot support the judgment. *Webb v. Overkampf Supply,* 831 S.W.2d at 64; *Metcalf v. Taylor,* 708 S.W.2d 57, 58–59 (Tex. App.—Fort Worth 1986, no writ); and *U.S. on Behalf of Adm'r, Etc. v. Charter Bank,* 694 S.W.2d 16, 18 (Tex.App.—Corpus Christi 1985, no writ).

Accordingly, the judgment is reversed and the cause is remanded to the trial court for a trial on its merits. Parenthetically, by this appeal, Mr. Costley has appeared in the lawsuit.