CV2-436 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-436-CV





COMET OIL & GAS, INC.,



 APPELLANT


vs.





GEORGE ARNOLD AND WIFE, JANICE ARNOLD,



 APPELLEES


 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT



NO. 20,387, HONORABLE HAROLD TOWSLEE, JUDGE PRESIDING



 





PER CURIAM



 George Arnold and Janice Arnold, appellees, sued Comet Oil and Gas, Inc.,
appellant, to terminate an oil and gas lease. After the trial court granted a default judgment,
Comet timely filed a motion for new trial, which the trial court overruled. Comet now appeals,
claiming in one point of error that the trial court erred in overruling the motion for new trial. We
will reverse the judgment and remand the cause.

 In a direct attack on a default judgment, the question on appellate review is whether
a lack of jurisdiction that would vitiate the judgment is apparent on the face of the record. 
McKanna v. Edgar, 388 S.W.2d 927, 928 (Tex. 1965). A default judgment is improper against
a defendant who has not been served in strict compliance with the applicable requirements. 
Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990). No presumption of proper service is made,
even if the judgment so recites. McKanna, 388 S.W.2d at 929.

 On direct attack, every step of the proceeding from process to final judgment is
open to examination. Webb v. Oberkampf Supply, Inc., 831 S.W.2d 61, 64 (Tex. App.--Amarillo
1992, no writ). A citation and a valid return must appear among the papers before the court. 
Costley v. State Farm Fire & Casualty Co., 844 S.W.2d 939, 941 (Tex. App.--Amarillo 1993, no
writ); Webb, 831 S.W.2d at 64; Texas Inspection Serv. v. Melville, 616 S.W.2d 253, 254 (Tex.
Civ. App.--Houston [1st Dist.] 1981, no writ); 5 Roy W. McDonald, Texas Civil Practice, §
27:53 at 110 (1992 ed.). A default judgment cannot be granted until citation with proof of service
has been on file with the clerk of the court ten days, exclusive of the day of filing and the day of
judgment. Tex. R. Civ. P. 107.

 In this cause, the record contains no copy of a citation. The transcript contains a
file-stamped motion for default judgment, to which are attached: (1) a copy of an officer's return
of service, showing an attempt at service, with the citation being sent back to appellees' lawyer;
(2) a receipt for certified mail from another attempt at service; and (3) a copy of a return of
service from the Secretary of State's office. In the statement of facts from the hearing on the
motion for default judgment, plaintiff's counsel asked the judge to take judicial notice of the
"service to the Secretary of State." The court responded that it would do that.

 We cannot, from the face of the record, determine whether proper service was
made. The judicial notice taken would serve at most to allow us to conclude that something was
on file, but not that the form of the citation was proper. The citation could have suffered from
one or more of the defects that appellate courts have held are reversible error. See McDonald,
supra, § 27:53 at 112-113, fn. 518 (collecting cases in which citations varied from requirements). 
For example, the citation might not have informed appellant that it was necessary to answer or
a default judgment would be taken. Tex. R. Civ. P. 99(b). Further, the record does not
affirmatively show that citation and return were on file for the required ten days, as the file-marked date on the motion for default judgment is April 20 and the default judgment was signed
April 27.

 Because we cannot ascertain from the face of the record that the citation itself was
proper, even had defendant received it, the default judgment was not proper. We sustain
appellant's point of error, reverse the judgment, and remand the cause for trial.


[Before Justices Powers, Kidd and B. A. Smith]

Reversed and Remanded

Filed: June 2, 1993

[Do Not Publish]