COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-412-CV

 

 

MCCLAIRY JACKSON                                                           APPELLANT

 

                                                   V.

 

OFFICER D. JOHNSON                                                            APPELLEE

 

                                              ------------

 

             FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








This is a restricted appeal
filed by Appellant McClairy Jackson, a pro se 
inmate.  On March 27, 2003,
Appellant filed suit against Appellee Officer D. Johnson alleging his rights
were violated by Appellee.  On April 3,
2003, service was attempted on David Johnson, who was not a proper party to
this suit.  On June 9, 2004, Appellant
notified the district clerk that the intended defendant was in fact Officer
Donna M. Johnson, who was then served on June 11, 2004[2]
and filed an answer on July 9, 2004.  On
June 16, 2005, the trial court granted Appellee=s motion to dismiss the case for want of prosecution. 








On appeal, Appellant does not
complain of the dismissal judgment.  Rather,
in his sole issue, Appellant asserts the trial court erred in not granting
Appellant=s motion for
default judgment filed June 13, 2003.  A
default judgment may not properly be entered against an unserved defendant.  See Tex.
R. Civ. P. 124 (AIn no case
shall judgment be rendered against any defendant unless upon service, . . . .A); Webb v. Oberkampf Supply of Lubbock, Inc., 831 S.W.2d 61, 64
(Tex. App.CAmarillo
1992, no writ) (holding citation and valid return must appear among the court
papers and the record must affirmatively show that all of the necessary
requisites have been complied with in order for default judgment to be properly
entered against defendant).  Therefore,
the trial court was never authorized to grant Appellant=s motion for default judgment because at the time the motion was filed
Appellee had not been served, and Appellee filed a timely answer after being
served.[3]  We overrule Appellant=s sole issue on appeal and affirm the judgment of the trial court.

 

PER CURIAM

 

PANEL
F:  HOLMAN, J.; CAYCE, C.J.; and MCCOY,
J.

 

DELIVERED:  June 22, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Attached
to Appellant=s
brief is a typewritten document purporting to be from the Wichita County
district clerk=s
office, reciting that Officer D. Johnson was served in person on April 9,
2003.  This document is not signed and
does not appear in the official clerk=s record on appeal.  We are not authorized to consider this
document because this is a restricted appeal and error must be apparent on the
face of the official record, Norman Communications v. Texas Eastman Co.,
955 S.W.2d 269, 270 (Tex. 1997), and the attachment of documents as exhibits or
appendices to briefs is not formal inclusion in the record on appeal.  See Bencon Mgmt. & Gen. Contracting,
Inc. v. Boyer, Inc., 178 S.W.3d 198, 210 (Tex. App.CHouston
[14th Dist.] 2005, no pet.); Nguyen v. Intertex, Inc., 93 S.W.3d 288,
292-93 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).      





[3]The
clerk=s
record reflects that on April 2, 2003, the district clerk attempted to serve
Officer D. Johnson by mail; this citation was returned with the notation on the
envelope ACannot
Locate this office.@  On May 4, 2004, the district clerk again
attempted service but was unable to serve the defendant; the citation bears the
notation Aunable
to locate, there are four (4) D. Johnsons at Allred Unit.@  On June 11, 2004, citation was finally
executed on Officer Donna Johnson.