JACKSON v. JOHNSON

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-412-CV

MCCLAIRY JACKSON APPELLANT

V.

OFFICER D. JOHNSON APPELLEE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is a restricted appeal filed by Appellant McClairy Jackson, a pro se  inmate.  On March 27, 2003, Appellant filed suit against Appellee Officer D. Johnson alleging his rights were violated by Appellee.  On April 3, 2003, service was attempted on David Johnson, who was not a proper party to this suit.  On June 9, 2004, Appellant notified the district clerk that the intended defendant was in fact Officer Donna M. Johnson, who was then served on June 11, 2004
(footnote: 2) and filed an answer on July 9, 2004.  On June 16, 2005, the trial court granted Appellee’s motion to dismiss the case for want of prosecution. 

On appeal, Appellant does not complain of the dismissal judgment.  Rather, in his sole issue, Appellant asserts the trial court erred in not granting Appellant’s motion for default judgment filed June 13, 2003.  A default judgment may not properly be entered against an unserved defendant.  
See
 
Tex. R. Civ. P.
 124 (“In no case shall judgment be rendered against any defendant unless upon service, . . . .“); 
Webb v. Oberkampf Supply of Lubbock, Inc.
, 831 S.W.2d 61, 64 (Tex. App.—Amarillo 1992, no writ) (holding citation and valid return must appear among the court papers and the record must affirmatively show that all of the necessary requisites have been complied with in order for default judgment to be properly entered against defendant).  Therefore, the trial court was never authorized to grant Appellant’s motion for default judgment because at the time the motion was filed Appellee had not been served, and Appellee filed a timely answer after being served.
(footnote: 3)  We overrule Appellant’s sole issue on appeal and affirm the judgment of the trial court.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED:  June 22, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Attached to Appellant’s brief is a typewritten document purporting to be from the Wichita County district clerk’s office, reciting that Officer D. Johnson was served in person on April 9, 2003.  This document is not signed and does not appear in the official clerk’s record on appeal.  We are not authorized to consider this document because this is a restricted appeal and error must be apparent on the face of the official record, 
Norman Communications v. Texas Eastman Co.
, 955 S.W.2d 269, 270 (Tex. 1997), and the attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal.  
See Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer
, 
Inc.
, 178 S.W.3d 198, 210 (Tex. App.—Houston [14th Dist.] 2005, no pet.); 
Nguyen v. Intertex, Inc.
, 93 S.W.3d 288, 292-93 (Tex. App.—Houston [14th Dist.] 2002, no pet.).      

3:
The clerk’s record reflects that on April 2, 2003, the district clerk attempted to serve Officer D. Johnson by mail; this citation was returned with the notation on the envelope “Cannot Locate this office.”  On May 4, 2004, the district clerk again attempted service but was unable to serve the defendant; the citation bears the notation “unable to locate, there are four (4) D. Johnsons at Allred Unit.”  On June 11, 2004, citation was finally executed on Officer Donna Johnson.