ACCEPTED
01-13-01005-DV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/30/2015 3:11:13 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-13-01005-CV

### IN THE COURT OF APPEALS
### FOR THE FIRST APPELLATE DISTRICT
### HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/30/2015 3:11:13 PM
CHRISTOPHER A. PRINE
Clerk

### B & SONS CONSTRUCTION LLC
Appellant

### V.

### ROOD HOLDINGS, LLC
Appellee

**On Appeal from the 164th Judicial District Court
of Harris County, Texas
The Honorable Alexandra Smoots-Hogan, presiding.
Trial Court Cause No. 2013-60986**

### BRIEF OF APPELLEE

**Christina R. Johnson
State Bar No. 24050638
Gregory T. Brewer
State Bar No. 00792370
Attorneys at Law
5151 Beltline Road
Suite 410
Dallas, Texas 75254
(972) 812-6412 Telephone
(972) 812-9408 Fax
Email:
christina.johnson@fnf.com**

**ATTORNEYS FOR APPELLEE**

# TABLE OF CONTENTS

Table of Contents........................................................................................................ii

Index of Authorities...................................................................................................iii

Statement of the Case..................................................................................................v

Appellee's Brief...........................................................................................................1

Statement on Oral Argument.......................................................................................2

Issue Responded To......................................................................................................2

Statement of Facts........................................................................................................2

Summary of the Argument...........................................................................................6

Argument......................................................................................................................7

Response to Issue Presented.........................................................................................7

       1a. Standard of Review for Issue Presented……………....................................................7

       1b. B & Sons Was Properly Served…………....................................................................8

       1c. Application of Law to Facts …………………………………………………......9

       1d. State Farm Fire & Cas. Co. v. Costley……………………………….....……...11

       1e. B & Sons Failed to Meet Craddock, No Abuse of Discretion …………………….….13

Conclusion…………………………………………….........……………….……16

Prayer………………………………………….......……………………...……..16

Certificate of Service…………………………………………….......…………17

Certificate of Compliance………………………………………….......…………18

ii

# INDEX OF AUTHORITIES

## CASES

*Cliff v Huggins*,
724 S.W.2d 778, 778 (Tex. 1987)........................................................................................7

*Costley v. State Farm Fire and Cas. Co.*,
844 S.W.2d 939 (Tex. App.-Amarill 1994, writ granted) …………………………….....…11, 12

*Craddock v Sunshine Bus Lines, Inc.*,
134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939)............................................6, 7, 13, 14, 15

*Dolly v. Aethos Communications Sys., Inc.,*
10 S.W.3d 384, 388 (Tex. App.-Dallas 2000, no pet.) .....................................................9

*Goode v Shoukfeh*,
934 S.W.2d 441, 446 (Tex. 1997).......................................................................................8

*Ivy v. Carrell*,
407 S.W.2d 212, 214 (Tex. 1966) ……………………………………………………………14, 15

*Lopez v. Lopez*,
757 S.W.2d 721, 723 (Tex. 1988).....................................................................................14

*Mathis v. Lockwood*,
166 S.W.3d 743, 744 (2005)……………………………………………………………….…14

*Peralta v. Heights Med. Ctr., Inc.*,
485 U.S. 80, 84-86, 108 S. Ct. 896, 898-900, 99 L.Ed.2d 75 (1988) ...............................14

*Primate Constr., Inc. v. Silver,*
884 S.W.2d 151, 152 (Tex. 1994)......................................................................................8

*State Farm Fire & Cas. Co. v. Costley*,
868 S.W.2d 298, 298-299 (Tex. 1993) ....................................................................11, 12, 13

*Strackbein v. Prewitt,*
671 S.W.2d 37, 38 (Tex.1984)……………………….……………………………………………7,8

*Union Pacific Corp. v. Legg*,
49 S.W.3d 72, 78 *citing* Susan Jean Miller, *Misnomer: Default Judgments and Strict Compliance*
    *with Service of Process Rules*, 46 Baylor L. Rev. 633, 634 (1994)........................................12,13

*Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex. App.-Fort Worth 2003, no pet.) ..........8, 9

**RULES**

TRAP Rule 39.7 ……………………………………………………………………………..2

Tex. R. Civ. P. 106 ……………………………………………………….…..9, 11, 12,13, 15, 16

Tex. R. Civ. P. 107……………………………………………………………………………..9

## STATEMENT OF CASE

<u>Trial Court Proceeding:</u>  This case began on October 10, 2013 as an action for breach of contract and related claims by United Rentals (North America), Inc. ("United") against various parties, including Rood Holdings, LLC ("Rood"), Appellee. (CR 3- 12).  On April 28, 2014, Rood countersued United to quiet title and for declaratory judgment. (CR 26- 69).  On that same day, Rood filed a Third Party Petition against B & Sons Construction LLC ("B & Sons"). (SCR 69- 80). On October 13, 2014, B & Sons was served through its registered agent. (SCR 121- 122).  On November 17, 2014, Rood filed a Motion for Default Judgment against B & Sons. (SCR 61- 131).  On December 10, 2014, the Trial Judge signed the Order of Default Judgment against B & Sons. (CR 105- 107).  On January 22, 2015, the Trial Judge signed an Order dismissing the remaining defendants and making the December 10, 2014 Interlocutory Default Judgment against B & Sons "final and appealable." (CR 108- 109).  On February 10, 2015, B & Sons filed a motion for new trial which the trial judge denied on March 11, 2015. (SCR 132-150, CR 126).

<u>Trial Court's Disposition:</u>        Trial Court, 164th Judicial District Court, Harris County, Texas, denied B & Sons' motion for new trial and ordered that Rood's default judgment against B & Sons remain in full force and effect. (CR 126). B & Sons timely filed their Notice of Appeal on April 18, 2015.  (CR 127).

**NO. 01-13-01005-CV**

**IN THE COURT OF APPEALS**
**FOR THE FIRST APPELLATE DISTRICT**
**HOUSTON, TEXAS**

**B & SONS CONSTRUCTION LLC**
Appellant

**V.**

**ROOD HOLDINGS, LLC**
Appellee

**On Appeal from the 164th Judicial District Court**
**of Harris County, Texas**
**The Honorable Alexandra Smoots-Hogan, presiding.**
**Trial Court Cause No. 2013-60986**

**BRIEF OF APPELLEE**

COMES NOW, Rood Holdings, LLC, defendant in the trial court and Appellee in this Court, and file this brief in response to Appellant's brief filed in this appeal. Throughout Appellee's brief the clerk's record is referenced as "CR" followed by the relevant page numbers and the supplemental clerk's record is referenced as "SCR" followed by the relevant page numbers.

1

## APPELLEES' STATEMENT REGARDING ORAL ARGUMENT

This appeal concerns the denial of Appellant's motion for new trial. Therefore, Appellee believes that the Court's decisional process would not be significantly aided by oral argument. However, pursuant to *TRAP Rule 39.7*, Appellee, Rood Holdings, LLC does not waive its right to be heard, should the Court determine that oral arguments are in order.

## ISSUE RESPONDED TO

**Response to Issue Presented:**

> The trial court did not abuse its discretion when it denied B & Sons' motion for new trial and thus refusing to set aside the default judgment in favor of Rood.

## STATEMENT OF FACTS

**The Underlying Suit:**

**Defendant Wood and Defendant Nguyen:**

This action was originally filed on October 10, 2013, by United against VR Wood ("Wood"), Huong Kim Nguyen ("Nguyen"), and Rood. (CR 3- 12). United claimed it sold, rented, or delivered to Wood goods and equipment for which Wood did not pay and remained delinquent as of the time the suit was filed. (CR 3-12). United further claimed that the goods and equipment it sold to Wood had been used by Wood to build an industrial park at 11810 Messa Drive in Houston, Texas

2

("property"). (CR 3- 12). United further alleged that it filed a Mechanic's and Materialman's Lien(s) against the property. *Id*. United sued Wood for suit on sworn account, breach of contract and for quantum meruit. *Id*. United sued Nguyen for suit on guaranty. *Id*. United also included a claim to foreclosure its M&M Lien(s). *Id*. Subsequently, United obtained an interlocutory default judgment against Defendants Wood and Nguyen granted on May 29, 2014. (CR 70- 72). United and Rood then dismissed the claims it had against one another, which the trial court granted on August 8, 2014. (CR 73- 74).

**Third Party Defendant B & Sons:**

Rood purchased the property in question on or about January 15, 2013. (SCR 69- 119). On February 14, 2013, B & Sons filed a Mechanic and Materialman's Lien Affidavit claiming $430,329.00 was due to it for materials and labor furnished by B & Sons to the Property. (SCR 69- 119). On April 28, 2014, Rood filed its Original Third-Party Petition and Request for Disclosure against various defendants including B & Sons. (SCR 69- 119). As to B & Sons, Rood brought a quite title claim and also sought a declaratory judgment. (SCR 69- 119). Specifically, Rood sought to have title to the property quieted in its name by removing any and all clouds on Rood's title by virtue of any claims made or actions brought by B & Sons. (SCR 69- 119). Rood also sought the trial court to declare it the legal owner of the property. (SCR 69- 119). On September 10,

2014, Rood filed its First Amended Third-Party Petition and Request for Disclosure. (CR 75- 85, SCR 10- 60).   This pleading did not add claims or increased the damages sought against B & Sons.  (CR 75-85, SCR 69- 119).   The only things amended were with respect to service on the parties including exhibits regarding service and renaming the exhibits.  (CR 75- 85, SCR 69- 119).

**Service of Process on B & Sons:**

On September 10, 2014, Rood filed a Motion for Substituted Service as it had been unable to personally serve B & Sons' registered agent, Larry Pham. (CR 86-89, SCR 3-9). Rood asked the trial court to authorize service on B & Sons by one of the following methods: (a) leaving a true copy of the citation, along with the petition with anyone more than sixteen years of age at 600 Shane Street, Houston, Texas 77037; (b) securely attaching a copy of the citation, along with the petition on the front door or on the front gate of the property at 600 Shane Street, Houston, Texas 77037; (c) by mailing a copy of the citation along with the petition, by certified mail (return receipt requested) and/ or by regular mail to the registered agent's office at 600 Shane Street, Houston, Texas 77037; or (d) by any alternative method which the court deemed as reasonably effective to give B & Sons notice of the suit. (CR 86- 89, SCR 3- 9).  In support of its Motion for Substituted Service, Rood attached the Affidavit of Joseph C. Rodriguez. (SCR 8- 9). While the process server was told that Larry Pham, the registered agent for B & Sons, lived at 522

Shane Street, there was no verification of this information. (SCR 151- 176). What was certain was that B & Sons had its registered agent information on file with the Texas Secretary of State and that the proper service on B & Sons was through its registered agent, Larry Pham, at 600 Shane Street, Houston, Texas 77037. (SCR 167). In fact by B & Sons' own admission, it was at that address, 600 Shane Street, Houston, Texas 77037, that B & Sons received notice from the trial court about the default judgment taken against it. (CR 112- 119, SCR 132- 150).

On September 24, 2014, the trial court granted Rood's Motion for Substituted Service allowing Rood to serve B & Sons by one of the following methods: (a) leaving a true copy of the citation, along with the petition with anyone more than sixteen years of age at 600 Shane Street, Houston, Texas 77037; (b) securely attaching a copy of the citation, along with the petition on the front door or on the front gate of the property at 600 Shane Street, Houston, Texas 77037; (c) by mailing a copy of the citation along with the petition, by certified mail (return receipt requested) and/ or by regular mail to the registered agent's office at 600 Shane Street, Houston, Texas 77037; or (d) by any alternative method which the court deems as reasonably effective to give B & Sons notice of the suit. (SCR 123- 124, 161- 162). Rood served B & Sons in strict compliance with the order. (SCR 121- 124).

On October 13, 2014, Rood properly served B & Sons though its registered agent, Larry Pham, by posting a copy of the citation with Rood Holdings Original Third-Party Petition and Requests for Disclosures, Exhibits 1 through 8, Order Granting Third-Party Plaintiff Rood Holdings, LLC's Motion for Substitute Service on Third-Party Defendant B & Sons Construction, LLC to the front door at 600 Shane Street, Houston, Harris County, Texas 77037. (SCR 121-124, 164-165).

## SUMMARY OF ARGUMENT

There are three questions that need to be answered in order to determine whether the trial court abused its discretion in denying B & Sons' motion for new trial. First, the court will need to determine whether B & Sons was served in accordance with the rules. Second, the court will need to determine if the three elements identified in *Craddock v. Sunshine Bus Lines, Inc.* apply to B & Sons. 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939). Third, the court will need to determine if B & Sons' motion for new trial met those three elements.

B & Sons' entire argument is based on the allegation that it was never served with Rood's Original Third Party Petition because it claims to have never received notice of the lawsuit. However, Rood is only required to show that B & Sons was served in strict compliance under the rules. Rood does not have to show that B & Sons actually received notice of the lawsuit. When Rood was unable to serve B & Sons' personally, it requested substituted service which was granted by the trial

6

court. Rood served B & Sons exactly as prescribed in the order granting substituted service, thus perfecting service on B & Sons.

Having been served with the lawsuit, B & Sons had to meet all three elements described in *Craddock* in order to be granted its motion for new trial. B & Sons' motion for new trial failed to address two of those elements: (1) that it had a meritorious defense and (2) that its request for new trial would occasion no delay or otherwise work an injury to Rood. Therefore, the trial court did not abuse its discretion when denying B & Sons' motion for new trial.

## ARGUMENT

**I.    Argument and Authorities for Issue:**

**Response to Issue Presented:**

> The trial court did not abuse its discretion when it denied B & Sons' motion for new trial and refused to set aside the default judgment in favor of Rood.

**1a.    Standard of Review for Issue Presented:**

Rood agrees with B & Sons that the law is well settled that there are certain prerequisites that must be met in order to set aside a default judgment and obtain a new trial. *Cliff v Huggins*, 724 S.W.2d 778, 778 (Tex. 1987). Rood also agrees with B & Sons that a motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Id*. at 779. *See also*, *Strackbein v. Prewitt,* 671 S.W.2d

7

37, 38 (Tex.1984). Rood also agrees with B & Sons that an abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles. *Goode v Shoukfeh*, 934 S.W.2d 441, 446 (Tex. 1997). However, Rood disagrees with B & Sons as to what is the guiding rule or principle for the trial court to consider in determining a motion for new trial.

**1b.    B & Sons Was Properly Served:**

B & Sons attempts to frame its issue on appeal as that it was not properly served and therefore the trial court abused its discretion when it failed to grant its motion for new trial. If B & Sons was not served, then it would be correct and the trial court should have granted its motion for new trial. However, the record does not support its position of lack of service.

On December 10, 2014, the trial court entered a default judgment against B & Sons. (CR 105-107). B & Sons' appeal is a direct attack on the trial court's judgment. To sustain a default judgment under direct attack, the plaintiff in the trial court must show that it strictly complied with the rules relating to the issuance of citation, the manner and mode of service, and the return of process. *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex. App.-Fort Worth 2003, no pet.). The plaintiff must show such compliance on the face of the record. *Id*. The normal presumptions favoring valid issuance, service, and return of citation do not apply. *Id*.; *See Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex. 1994).

Texas law prefers personal service over substitute service. *Vespa*, 98 S.W.3d at 751. When the plaintiff uses substituted service, Texas law places a burden on the plaintiff to prove that he or she served the defendant in the manner required by the applicable statute. *Id*.

Texas Rule of Civil Procedure 106 authorizes a court to order a substitute method of service. TEX. R. CIV. P. 106(b). Texas Rule of Civil Procedure 107 states that "Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court." TEX. R. CIV. P. 107(f). When a trial court orders substituted service pursuant to Rule 106, the only authority for the substituted service is the order itself. *Dolly v. Aethos Communications Sys., Inc.,* 10 S.W.3d 384, 388 (Tex. App.-Dallas 2000, no pet.). Because the trial court's order is the sole basis of authority authorizing substituted service, any deviation from the trial court's order necessitates a reversal of the default judgment based on service. *Vespa*, 98 S.W.3d at 751.

**1c. Application of Law to Facts:**

Rood attempted to personally serve B & Sons' registered agent at its address listed for service of process with the Texas Secretary of State on seven separate occasions. (SCR 8- 9). Therefore as allowed by the Rules of Civil Procedure, Rood filed a Motion for Substitute Service. (SCR 3- 9). On September 24, 2014,

the trial court granted Rood's Motion for Substituted Service allowing Rood to serve B & Sons by one of the following methods:

(a) leaving a true copy of the citation, along with the petition with anyone more than sixteen years of age at 600 Shane Street, Houston, Texas 77037;

(b) securely attaching a copy of the citation, along with the petition on the front door or on the front gate of the property at 600 Shane Street, Houston, Texas 77037;

(c) by mailing a copy of the citation along with the petition, by certified mail (return receipt requested) and/ or by regular mail to the registered agent's office at 600 Shane Street, Houston, Texas 77037; or

(d) by any alternative method which the court deems as reasonably effective to give B & Sons notice of the suit. (SCR 123-124, 161-162).

On October 13, 2014, in compliance with the trial court's order allowing substitute service, Rood served B & Sons though its registered agent, Larry Pham, by posting a copy of the citation with Rood Holdings Original Third-Party Petition and Requests for Disclosures, Exhibits 1 through 8, Order Granting Third-Party Plaintiff Rood Holdings, LLC's Motion for Substitute Service on Third-Party Defendant B & Sons Construction, LLC to the front door at 600 Shane Street, Houston, Harris County, Texas 77037. (SCR 121-124). As the above cited authorities state, substitute service is effective when a plaintiff strictly complies

10

with the trial court's order allowing the substitute service. The record on appeal establishes that Rood strictly complied with the trial court's order granting substitute service.

**1d.** *State Farm Fire & Cas. Co. v. Costley:*

As stated in the proceeding paragraphs, B & Sons attempts to assert that the trial court abused its discretion when it failed to grant its motion for new trial based on Larry Pham's affidavit stating that he never actually received a copy of the citation and petition. However, failure to actually receive the citation when service is affected by Tex. R. Civ. P. 106 is not the correct standard. In *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298 (Tex. 1993) the Texas Supreme Court addressed a similar set of facts as is now before this Court.

State Farm attempted to serve Andy Costley ten times by personal service without success. *Id*. It filed a motion seeking substitute service pursuant to Rule 106. *Id*. The trial court entered an order authorizing substitute service by mailing a copy of the petition and citation by certified mail, return receipt requested, and by first-class mail, postage prepaid to Costley's mailing address. *Id*. State Farm complied with the trial court's order and when Costley failed to answer the trial court granted a default judgment against Costley. *Id*. Costley appealed the default judgment to the Amarillo Court of Appeals. *See Costley v. State Farm Fire and Cas. Co.,* 844 S.W.2d 939 (Tex. App.-Amarillo 1994, writ granted). The Court of

11

Appeals reversed the trial court's default judgment concluding that service by first-class mail did not satisfy the Rule 106(b) requirement that substitute service "be reasonably effective to give defendant notice" because the service by U.S. mail did not show when Costley actually received notice. *Id.* at 941-42. State Farm appealed to the Texas Supreme Court.

The Texas Supreme Court reversed the appellate court's decision stating:

> "Substitute service exists to allow plaintiffs to effect service where proof of actual notice under Rule 106(a) is impractical…..Thus, to require proof of actual notice upon substituted service would frustrate Rule 106(b)'s purpose of providing alternate methods for plaintiffs in the position of State Farm. In fact the rule itself contemplates other procedures which will not necessarily furnish evidence in the record of when defendant received actual notice ....." *State Farm,* 868 S.W.2d at 299.

Rood, like State Farm attempted to personally serve B & Sons' registered agent, Mr. Pham on seven separate occasions without success. (SCR 8-9). The trial court, like the trial court in State Farm allowed Rood to serve B & Sons' agent by a substitute method. (SCR 3-9, CR 90-91). Rood served Mr. Pham in strict compliance with the trial court's order. (CR 90-93). Therefore, like Mr. Costley in *State Farm*, B & Sons was properly served.

The doctrine of strict compliance considers whether the record shows that exact procedural requirements are met, not whether the intended party received notice of the lawsuit. *Union Pacific Corp. v. Legg*, 49 S.W.3d 72, 78 *citing* Susan

Jean Miller, *Misnomer: Default Judgments and Strict Compliance with Service of Process Rules*, 46 Baylor L. Rev. 633, 634 (1994). According to the Texas Supreme Court, to require proof of actual notice upon substituted service, would frustrate Rule 106(b)'s purpose of providing alternative methods for plaintiffs. *See State Farm*, 868 S.W.2d at 299.

### 1e. B & Sons Failed to Meet Craddock, No Abuse of Discretion:

The Texas Supreme Court in *Craddock v Sunshine Bus Lines, Inc.*, set forth the guiding rule or principle for trial courts to follow in determining whether to grant a motion for a new trial:

> "A default judgment should be set aside and a new trial ordered in any case in which the failure of defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939)

Since B & Sons was served in strict compliance with Tex. R. Civ. P. 106 and the order granting substituted service, B & Sons was required to address all three of the *Craddock* elements in its motion for new trial. *See Craddock*, 134 Tex. at 393*; Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-86, 108 S. Ct. 896, 898-900, 99 L.Ed.2d 75 (1988); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988); *Mathis v. Lockwood,* 166 S.W.3d 743, 744 (2005).

13

B & Sons' main evidence supporting its motion for new trial was the Affidavit of Larry Pham. (SCR 132 - 150). In that affidavit, Larry Pham states that he was unaware of the pending litigation against B & Sons and that is why it failed to timely answer. (SCR 148-150). This affidavit was sufficient to support the first element in *Craddock* (that its failure to appear was not intentional nor the result of conscious indifference). *Craddock*, 134 Tex. at 393.

However to comply with *Craddock*, B & Sons has to set up a meritorious defense as well as show that it had filed its motion for new trial at a time when the granting would not delay or otherwise work an injury to Rood. *Id*. The rule in *Craddock* does not require proof of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it 'sets up a meritorious defense.' *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966). This does not mean that the motion should be granted if it merely alleged that the defendant 'has a meritorious defense.' *Id*. The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. *Id*.

In *Ivy*, the trial court entered a default judgment in favor of the plaintiff (Carrell) declaring the deed in question to be a mortgage on the plaintiff's homestead and therefore void, cancelling the deed and removing the cloud cast

14

thereby on plaintiff's title, and awarding plaintiff title to and possession on the premises. *Id.* at 213. The trial court entered default judgment only after the trial court heard testimony from plaintiff, his wife, and a third person. *Id.* at 215. Defendant (Ivy) filed a motion for new trial. *Id.* at 213. The only allegations contained in the motion for new trial relating to a defense to the cause of action asserted by the plaintiff are that (1) 'he (defendant) has a good and valid deed to said land;' (2) 'he has a valid and meritorious defense to said case;' and (3) 'he is a fee simple owner having acquired the land by deed.' *Id.* at 215. The Texas Supreme Court held that these are but allegations of conclusions. *Id.* The Court further held that since the motion for new trial does not contain allegations of facts which in law constitute a meritorious defense to the plaintiff's cause of action and the testimony given at the hearing does not prove such a defense prima facie, the trial court did not err in overruling the motion. *Id.*

The defendant in *Ivy* at least mentioned that it had a meritorious defense even if it was just an allegation of conclusion. Here, B & Sons did not even mention let alone attempt to set up a meritorious defense in its motion for new trial. (SCR 132-150). The only thing mentioned in Larry Pham's affidavit is that B & Sons intended to "fully litigate this suit" and defend against the claims against it. (SCR 148-150). Neither this affidavit nor any other evidence attached to B & Sons' motion for new trial set up a meritorious defense. B & Sons also fails to

15

address or provide any evidence to support the final *Craddock* element that a new trial would not cause delay or prejudice to Rood. (SCR 132-150). Since B & Sons failed to meet the *Craddock* elements, the trial court did not abuse its discretion in denying B & Sons' motion for new trial.

## CONCLUSION

*Craddock* clearly establishes the guidelines for a trial court to follow when considering a motion for new trial. Since Rood showed that B & Sons was served in strict compliance with Tex. R. Civ. P. 106 and the order granting the substitution of service, B & Sons had to address and meet all three elements of *Craddock*. Since B & Sons failed to meet two of the three elements established in *Craddock*, the Trial Court properly acted within its discretion in denying B & Sons' motion for new trial. Accordingly, this Court should affirm the trial court's denial of B & Sons' motion for new trial.

## PRAYER

Appellee, Rood Holdings, LLC respectfully request that this Court affirm the trial court's denial of B & Sons' motion for new trial and that the default judgment in favor or Rood Holdings, LLC remains unaffected, and grant such further relief to which Appellee is entitled.

Respectfully Submitted,

Christina R. Johnson
State Bar No. 24050638

Gregory T. Brewer
State Bar No. 00792370
christina.johnson@fnf.com
5151 Beltline Road Suite 410
Dallas, Texas 75254
(972) 812-6412
(972) 812-9408 Fax


By: /s/Christina R. Johnson
         Christina R. Johnson

**ATTORNEYS FOR APPELLEE
ROOD HOLDINGS, LLC**


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2015, a true and correct copy of the foregoing instrument was served via email and filed electronically with Texas E-File system who will in turn provide a copy of the same to the following: Mr. Peter Costea, Three Riverway, Suite 1800, Houston, Texas 77056, peter@costealaw.com ; and Ms. Tracey L. Cloutier, Matthews, Shiels, Pearce, Knott, Eden & Davis L.L.P., 8131 LBJ Freeway, Suite 700, Dallas, Texas 75251, tcloutier@mssattorneys.com.


/s/ Christina R. Johnson
Christina R. Johnson

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer Microsoft Word 2010 and contains 3,824 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Christina R. Johnson
Christina R. Johnson